14-CV-05815 PKC-LB

# UNITED STATES DISTRICT COURT
## For The
# EASTERN DISTRICT OF NEW YORK

-------------------------------------------------X

Jessica C. Graham,

Plaintiff

- against -

William Quirk,

James Velouce,

Helene D. Sacco,

Arnold Lim,

Lisa Aschkenasy,

Janele Hyer-Spencer,

Steven Doe,

Jane Doe 1,

Jane Doe 2,

John Doe 1,

John Doe 2,

John Doe 3,

John Doe 4,

John Doe 5,

**Redacted COMPLAINT**

**Jury Trial Demanded**

1:45 PM · RY

Jay Sellers,

Jack Shanler,

Jane Doe 3,

Jane Doe 4,

Jane Doe 5,

Deborah Pride,

Martha Marcano,

Elisa Georgis,

Stacey Russo,

Jane Doe 6,

Jane Doe 7,

Charles Smith,

John Doe 6,

John Doe 7,

John Doe 8,

John Doe 9,

Jane Doe 8,

Daniel Donovan Jr.,

Mitch Rouzie,

Erin Neubauer-Keyes,

John Doe 10,

John Doe 11,

April Agostino,

Ken Rose,

John Doe 12,

John Doe 13,

Jane Doe 9,

Ralph Porzio,

Jody Bahar,

Ian Berliner,

Jared Berliner,

Geoffrey Long,

Benjamin Haber.

Jane Doe 10,

Jane Doe 11,

Jane Doe 12,

John Doe 14,

John Doe 15,

John Doe 16,

John Doe 17,

John Doe 18,

John Doe 19,

John Doe 20,

John Doe 21,

John Doe 22,

John Doe 23,

John Doe 24,

Jane Doe 13.

Defendants.

-------------------------------------------------X

I. Parties:

Plaintiff: Jessica C. Graham, resides at 52 Orange Ave Staten Island, New York 10302.

Defendant: William Quirk, employed as the Clerk of Court at Family Court Richmond County, 100 Richmond Terrace S.I., N.Y. 10301.

Defendant: James Velouce, employed as the Assistant Clerk of Court at Family Court Richmond County, 100 Richmond Terrace S.I., N.Y. 10301.

Defendant: Helene D. Sacco, employed as a Supervising Judge at Family Court Richmond County, 100 Richmond Terrace S.I., N.Y. 10301.

Defendant: Arnold Lim, employed as a Judge at Family Court Richmond County, 100 Richmond Terrace S.I., N.Y. 10301.

Defendant: Lisa Aschkenasy, was employed as a Court Attorney Referee at Family Court Richmond County, 100 Richmond Terrace S.I.,

N.Y. 10301. Now employed I believe at Family Court Kings County 330 Jay Street

Brooklyn, N.Y.

Defendant: Janele Hyer-Spencer, employed as a Support Magistrate

at Family Court Richmond County, 25 Hyatt St. S.I., N.Y. 10301.

Defendant: Steven "Doe" Badge Number 3096, employed as an Officer

at Family Court Richmond County, 100 Richmond Terrace S.I., N.Y. 10301.

Defendant: Jane Doe 1 Badge Number 2449, employed as an Officer

at Family Court Richmond County, 100 Richmond Terrace S.I., N.Y. 10301.

Defendant: Jane Doe 2 Badge Number ?, employed as an Officer at Family

Court Richmond County, 100 Richmond Terrace S.I., N.Y. 10301.

Defendant: John Doe 1 Badge Number 7632, employed as an Officer at Family

Court Richmond County, 100 Richmond Terrace S.I., N.Y. 10301

Defendant: John Doe 2 Badge Number 6518, employed as an Officer at Family

Court Richmond County, 100 Richmond Terrace S.I., N.Y. 10301

Defendant: John Doe 3 Badge Number 712, employed as an Officer at Family

Court Richmond County, 100 Richmond Terrace S.I., N.Y. 10301

Defendant: John Doe 4 Badge Number ?, employed as an Officer at Family

Court Richmond County, 100 Richmond Terrace S.I., N.Y. 10301

Defendant: John Doe 5 "Captain", employed as an Officer at Family

Court Richmond County, 100 Richmond Terrace S.I., N.Y. 10301

Defendant: Jay Sellers Court Clerk, employed as a Court Clerk at Family

Court Richmond County, 100 Richmond Terrace S.I., N.Y. 10301.

Defendant: Jack Shanler Court Clerk, employed as a Court Clerk at Family

Court Richmond County, 100 Richmond Terrace S.I., N.Y. 10301.

Defendant: Jane Doe 3 Court Clerk, employed as a Court Clerk at Family

Court Richmond County, 100 Richmond Terrace S.I., N.Y. 10301.

Defendant: Jane Doe 4 Court Clerk, employed as a Court Clerk at Family

Court Richmond County, 100 Richmond Terrace S.I., N.Y. 10301.

Defendant: Jane Doe 5 Court Clerk, employed as a Court Clerk at Family

Court Richmond County, 100 Richmond Terrace S.I., N.Y. 10301.

Defendant: Deborah Pride, employed as a Social Worker at New York

Children Services, 350 St. Mark's Place 5th Fl. S.I., N.Y. 10301

Defendant: Martha Marcano, employed as a Deputy Director at New York

Children Services, 350 St. Mark's Place 5th Fl. S.I., N.Y. 10301

Defendant: Elisa Georgis, employed as a Supervisor at New York

Children Services, 350 St. Mark's Place 5th Fl. S.I., N.Y. 10301

Defendant: Stacey Russo, employed as a Social Worker at New York

Children Services, 350 St. Mark's Place 5th Fl. S.I., N.Y. 10301

Defendant: Jane Doe 6, employed as a Supervisor at New York

Children Services, 350 St. Mark's Place 5th Fl. S.I., N.Y. 10301

Defendant: Jane Doe 7, employed as a Receptionist at New York

Children Services, 350 St. Mark's Place 5th Fl. S.I., N.Y. 10301

Defendant: Charles Smith, employed as a Security Guard at New York

Children Services, 350 St. Mark's Place 5th Fl. S.I., N.Y. 10301

by Allied Security.

Defendant: "Jane" McCarthy, employed as an Officer at NYPD 121st Pct,

970 Richmond Ave S.I., N.Y. 10314

Defendant: John Doe 6, employed as a Security Guard at New York

Children Services, 350 St. Mark's Place 5th Fl. S.I., N.Y. 10301

by Allied Security.

Defendant: John Doe 7, employed as a Officer at NYPD 120th Pct.,

78 Richmond Terrace S.I., N.Y. 10301

Defendant: John Doe 8, employed as a Officer at NYPD 120th Pct.,

78 Richmond Terrace S.I., N.Y. 10301

Defendant: John Doe 9, employed as a Officer at NYPD 120th Pct.,

78 Richmond Terrace S.I., N.Y. 10301

Defendant: John Doe 10, employed as a Officer at NYPD 121st Pct,

970 Richmond Ave S.I., N.Y. 10314

Defendant: Jane Doe 8, employed as a Officer at NYPD 120th Pct.,

78 Richmond Terrace S.I., N.Y. 10301

Defendant: Jane Doe 9, employed as a Officer at NYPD 120th Pct.,

78 Richmond Terrace S.I., N.Y. 10301

Defendant: District Attorney Daniel Donovan Jr., employed as a District Attorney,

at Office of the Richmond County DA, 130 Stuyvesant Pl. 7th Fl.

S.I., N.Y. 10301

Defendant: Mitch Rouzie, employed as a Social Worker at New York City

Interpersonal Development, 130 Stuyvesant Pl. 5th Fl., S.I., N.Y. 10301

Defendant: Erin Neubauer-Keyes, employed as a Program Director at New York

City Interpersonal Development, 130 Stuyvesant Pl. 5th Fl. S.I., N.Y. 10301

Defendant: John Doe 11, employed as an Attorney at NYS Division of Human Rights,

163 W. 125th St. 4th Fl., N.Y., N.Y. 10027

Defendant: John Doe 12, employed as an Attorney at NYS Division of Human Rights,

163 W. 125th St. 4th Fl., N.Y., N.Y. 10027

Defendant: April Agostino, employed as the Clerk of Court, at Supreme Court of the State of

New York, Appellate Division Second Judicial Department, 45 Monroe Pl. Brooklyn, N.Y.

11201

Defendant: Ken Rose, employed as a Case Manager, at Supreme Court of the State of New York,

Appellate Division Second Judicial Department, 45 Monroe Pl. Brooklyn, N.Y. 11201

Defendant: John Doe 13, employed as a Court Clerk, at Supreme Court of the State of New

York, Appellate Division Second Judicial Department, 45 Monroe Pl. Brooklyn, N.Y. 11201

Defendant: John Doe 14, employed as a Court Clerk, at Supreme Court of the State of New

York, Appellate Division Second Judicial Department, 45 Monroe Pl. Brooklyn, N.Y. 11201

Defendant: Jane Doe 10, employed as a Court Clerk, at Supreme Court of the State of New

York, Appellate Division Second Judicial Department, 45 Monroe Pl. Brooklyn, N.Y. 11201

Defendant: Ralph Porzio, employed as an Attorney, at 686 Forest Ave S.I., N.Y. 10310

Defendant: Jody Bahar, employed as an Attorney, at 390 Manor Road S.I., N.Y. 10314

Defendant: Ian Berliner, employed as an Attorney, at 42 Richmond Terrace S.I., N.Y.

10301

Defendant: Jared Berliner, employed as an Attorney, at 42 Richmond Terrace S.I., N.Y.

10301

Defendant: Geoffrey Long, employed as an Attorney, at 1942 Victory Blvd S.I., N.Y.

10314

Defendant: Benjamin Haber, employed as an Attorney, at 36 Richmond Terrace S.I., N.Y.

10301

Defendant: <u>John Doe 15,</u> employed as an appointed Attorney, at <u>100 Richmond Terrace</u>

<u>S.I., N.Y. 10301.</u>

Defendant: <u>John Doe 16,</u> employed as an appointed Attorney, at <u>100 Richmond Terrace</u>

<u>S.I., N.Y. 10301.</u>

Defendant: <u>Jane Doe 11,</u> employed as an appointed Attorney, at <u>100 Richmond Terrace</u>

<u>S.I., N.Y. 10301</u>

Defendant: <u>John Doe 17,</u> employed as an Attorney, at <u>New York</u>

<u>Children Services, 350 St. Mark's Place 4th Fl. S.I., N.Y. 10301</u>

Defendant: <u>John Doe 18,</u> employed as an Attorney, at <u>New York</u>

<u>Children Services, 350 St. Mark's Place 4th Fl. S.I., N.Y. 10301</u>

Defendant: <u>John Doe 19,</u> employed as a Officer at <u>NYPD 121st Pct,</u>

<u>970 Richmond Ave S.I., N.Y. 10314</u>

Defendant: <u>John Doe 20,</u> employed as a Officer at <u>NYPD 121st Pct,</u>

<u>970 Richmond Ave S.I., N.Y. 10314</u>

Defendant: <u>John Doe 22,</u> employed as a Officer at <u>NYPD 120th Pct.,</u>

<u>78 Richmond Terrace S.I., N.Y. 10301</u>

Defendant: <u>John Doe 23,</u> employed as a Officer at <u>NYPD 120th Pct.,</u>

<u>78 Richmond Terrace S.I., N.Y. 10301</u>

Defendant: <u>John Doe 24,</u> employed as an Emergency Medicial Technician

at <u>Richmond University Medical Center, 355 Bard Ave S.I., N.Y. 10310</u>

Defendant: <u>Jane Doe 13,</u> employed as an Emergency Medicial Technician

at <u>Richmond University Medical Center, 355 Bard Ave S.I., N.Y. 10310</u>

**II.** The jurisdiction of the Court is invoked pursuant to <u>21 U.S.C. 846, 42 U.S.C. 12181</u> <u>& 14141, 18 U.S.C. 241, 242, 249, 1341 & 1342.</u>

**III.**

On or about September 20th, 2013 NYPD Officer McCarthy reported to the Plaintiff's residence and told the Plaintiff that "you are bi-polar", in front of other officers. NYPD Officer McCarthy had no warrant or probable cause to detain me. The Plaintiff requested for a Sergeant and NYPD ESU from the 122nd Pct. to come and handle such matter. However, they refused to listen to the Plaintiff. All they kept doing was yell and scream and the Plaintiff. ESU Officers handcuffed the Plaintiff and carried the Plaintiff down two flights of stairs prone and aggressively. The Plaintiff informed the Officers that the Plaintiff has a Heart Condition. The Officers did not care. They threw the Plaintiff prone on the stretcher handcuffed the Planitiff and stated "keep your fucking mouth shut". They also stated "mind your business about Eileen Dechbery's cases", "you don't know who you are fucking with". While they transported the Plaintiff to Richmond University Medical Center against the Planitiff's wishes. The Planitiff requested to go to Staten Island University Hospital North. However, Jane Doe 13 and John Doe 24 transported the Planitiff to Richmond University Medical Center. NYPD Officer 121st Pct. "John Doe 10", tried to plea with the Plaintiff. The Plaintiff told NYPD 121st Pct. Officer "John Doe 10" that "you have no right to tell me what to do". "What FDNY did to NYS EMT Eileen Dechbery was wrong. "When the Plaintiff was inside the room of Richmond University Medical Center E.R., NYPD Officer "John Doe 10" tried to break the Plaintiff's arm, and yelled in front of NYPD Officer McCarthy and a bunch of other medical professionals "I'm gonna break this girl's arm"!, "Keep your mouth SHUT!" Richmond University Medical Center's Male E.R. Nurse unknown name gave the

Plaintiff a shot without registering the Planitiff and or without the Plaintiff seeing a Doctor. The Plaintiff woke up four hours later with the wrong name bracelet on and was discharged immediately.

On the night of November 8th, 2013 the Planitiff's son's Father Charles T. Rawley picked up their child ███████ J.P.S.R. ████████ date of birth ████████ for his weekend visit after signing an acknowledgment dated October 25th, 2013, acknowledging that ████ J.P.S.R. has Autism, ADHD, an Impulsivity Disorder and ████ J.P.S.R. is on a Behavioral Plan. This was set in place for his safety, well-being, Mental Health and Special Educational Services. As well as acknowledging that he received a copy of their valid true Custody Order dated July 14th, 2009 and entered a stamped as a true copy of an Order on July 28th, 2009 from Family Court in Richmond County. Mr. Rawley's visitations remained supervised from on or about March 25th, 2013 until October 25th, 2013. Mr. Rawley never came to visit ████ J.P.S.R. during those months. In fact, he refused. Before Mr. Rawley left the Palintiff's residence on November 8th, 2013 with ████ J.P.S.R. He threatened the Planitiff and ████ J.P.S.R. life; he made it clear that if I, the Planitiff kept telling everyone ████ J.P.S.R. has Autism he will kill our son. And then took off from the Planitiff's residence with ████ J.P.S.R. The Planitiff immediately notified an Officer from the NYPD 121st Pct. Who turned the Planitiff away.

On November 9th, 2013 the Planitiff returned back to her residence from trying to get some help again from the NYPD, two Officers John Doe 19 & John Doe 20 approached the Planitiff on her property without a warrant and probable cause to do so in an aggressive manner. The Plaintiff explained to the two Officers kindly that they are trespassing and they need to leave immediately. They insisted they were here on behalf of the District Attorney Daniel Donovan Jr.'s Office and wanted to provide the Planitiff

with an Order of Protection, however they did not make an arrest and to the best of the

Plaintiff's knowledge NYPD Police Officers cannot give out Order of Protections.

They also threatened the Plaintiff by saying "do you want me to take him?" Please understand

that the Plaintiff has gone up to the 121st Pct. on numerous amounts of times prior to this

night in regards to make complaints against the NYC DOE, about ████ Special Education

Services and about ████ Teachers and School Staff. But, the Plaintiff did not receive any

relief. So, please keep in mind there is a very long history here in regards with the Plaintiff's

last statement. The Plaintiff will be filing additional complaints in this Court concerning those

matters. The NYPD Officers, left the Plaintiff's house very angry and sat inside their marked

NYPD car for about five to seven minutes in front of the Plaintiff's house and just stared at

the Planitiff while the Plaintiff sat on the porch listening to the Officers, yell "keep your mouth

shut". The Plaintiff took that in regards to publicly making it known that the Plaintiff was helping

her fellow NYS EMT Eileen Dechbery, who also has filed complaints in this Court and are

currently pending, I believe. They finally left after the Plaintiff had to demand for them to leave

her alone and get away from her house. The Plaintiff went inside her home, took a shower and

got dressed. When the Plaintiff left her home, immediately when she drove up her street the

Planitiff sensed someone was following her and tailgating her. The Planitiff

recognized the vehicles to be unmarked undercover cars from the NYPD 120th Pct. and

the 121st Pct. After making several attempts to get away from them, The Planitiff attempted

to reach out to an old friend from JCPD ESU Officer Eric Charles Petersen. He was not on

duty yet. The Planitiff drove around New Jersey still being followed. The Planitiff finally was

able to get in touch with JCPD Officer Petersen who's shift started at 11:00p.m. When the

Planitiff finally made it to JCPD ESU garage and met up with Officer Petersen for her safety,

Officer Petersen identified one of the drivers to be a Segt. from his Police Department.

Officer Petersen insisted for her to go to the Hospital where she would be safe. JCMC

EMS responded to JCPD ESU garage and transported the Plaintiff against her will to

JCMC. The Plaintiff requested to be transported to Christ Hospital. After being admitted

into JCMC through Crisis. The Plaintiff was held there against her will for ten days.

On November 10th, 2013 around 6:30p.m. the Planitiff's son's father Charles

T. Rawley came to visit her and provided the staff with false diagnosing's as well as

informing them that she signed thier son █████ out of school, the Plaintiff was falsifying

Medical Documents because Mr. Rawley believes that the Plaintiff can coach their son

█████ to mimic Autistic Behavior. All of that is untrue and lies. Mr. Rawley threatened

the Planitiff at JCMC right before leaving the visit room. The Planitiff immediately notified

the staff, called Officer Petersen and contacted the FBI concerning those matters from the

JCMC pay phone. The Plaintiff also called Elizabeth Police Department for a Welfare check

for her son █████ 1) because Mr. Rawley did not have permission to keep their son in his

care in the State of New Jersey, however the Elizabeth Police was unable to make contact

with Mr. Rawley because he did not answer his phone and 2) he provided the Plaintiff with

the wrong address. After the Plaintiff was able to get the attention of Medical Billing for JCMC

they informed the Plaintiff that she was never in JCMC system as a patient. The Plaintiff was

discharged a day or two later. (Ex: 1, 46, 92, 94 & 98)

On November 15th, 2013 Mr. Rawley called N.J. Children services and lied to

the responding caseworker that █████ name was Patrick Rawley, that his date of birth

is January 1st, 2008, that the Plaintiff did not have Legal Custody of █████ prior to Mr.

Rawley calling New Jersey Children Services, and filing for Custody earlier on November

15th, 2013 where he stated in his sworn Order to Show Cause and Affidavit in Support

that he believed that the Plaintiff was coaching their son to mimic Autistic behavior.

Which one cannot do and that the Plaintiff was tampering with Medical Documentations.

Further Mr. Rawley informed New Jersey Children Services that he and the Plaintiff only

had a Family Agreement and it didn't mean anything legally, that Mr. Rawley had a Court

Order to keep Patrick Rawley J.P.S.R. and that Mr. Rawley was going to drop off such

Order to the Plaintiff on November 16th, 2013. And Mr. Rawley informed the caseworker

that he had Custody prior to calling New Jersey Children Services. Which Mr. Rawley has

never had Custody of J.P.S.R. prior to November 20th, 2013. Mr. Rawley and Nancy

Herrera his wife informed the caseworker that they were having Patrick Rawley J.P.S.R.

evaluated in New Jersey because they didn't believe that Patrick J.P.S.R. has Autism

and they were looking into schools for Patrick J.P.S.R. without any Legal right to do so

as well as no legal right to keep him in the State of New Jersey. New Jersey Children

Services case I.D. #15212877, Intake #18784684 and Time 8:29p.m.

(Ex: 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 40, 47, 48, 50, 51, 52, 53, 54, 55, 58, 59, 60, 70 & 109)

On November 18th, 2013 the Plaintiff's Social Worker Michelle from JCMC

handed the Plaintiff an Order to Show Cause and Affidavit in Support to appear in Family

Court in Richmond County to appear in front of Danoff, JHO on November 20th, 2013

signed by Judge Arnold Lim. Please take note that the Order to Show Cause has the

wrong name as the Respondent. The Plaintiff's name is Jessica C. Graham not Jessica

G. Graham. (Ex: 12)

On November 20th, 2013 the Plaintiff appeared at Family Court and the case was

already called in front of Lisa Aschkenasy, Referee without the Plaintiff's permission. The

staff there were very rude and insisted that the Planitiff's name was Jessica G. Graham.

The Plaintiff finally made them realize that it was a mistake. Jane Doe 3 Court Clerk

went into the back room of the Court and returned back to the Plaintiff with a different

Temporary Order of Custody with a Respondent's name to be Jessica C. Szabo.

Again the Plaintiff's legal name is Jessica C. Graham. Again the Plaintiff explained to the

Court Clerk Jane Doe 3 that, that is not the Planitiff's name and that Mr. Rawley does

not have a valid birth certificate to be filing for Custody. Jane Doe 3 Court Clerk said

to the Plaintiff " it doesn't matter you don't need a birth certificate to file for custody",

"you have mental problems." The Plaintiff truly believes that Family Court in

Richmond County does not have "personal jurisdiction" over the Plaintiff for the

Custody/Visitation Case. When being physically approached aggressively from the NYS

Court Officer and harassed by an Attorney at the Court to leave because they were breaking

for lunch the Plaintiff was told to return back after lunch. The Plaintiff left and was being

followed again, by unknown unmarked cars. The Plaintiff was scared and decided to return

back to Court the next day. The Plaintiff returned back to court the next day to be harassed

even more by the Family Court personals, a Court Clerk and the NYS Court Officers.

The Plaintiff filed a Family Offense Petition Docket number O-05204-13 File number

17162 dated November 21st, 2013. The Plaintiff filed an NYPD Internal Affairs

Complaint, Complaint number # 2013- 50697 Officer Checker. (Ex: 4, 13, 18 & 45)

      On or about the end of November 2013 the Plaintiff spoke to Ladwin Wilson, SW from

N.J. Children Services and he stated to the Plaintiff "You have Mental Illnesses and you

don't even know your son's name", "your son's name is not ▮▮▮ its Patrick".

      The Plaintiff filed an NYPD Custodial Interference Complaint Number # 2013-

121- 03920 and a NYPD Harassment Complaint # 3920 against Mr. Rawley at the

NYPD 121st. Pct. (Ex: 65 & 66)

On December 2nd, 2013 the Plaintiff filed a Petition for Violation of an

Custody Order against Mr. Rawley to be heard on January 23rd, 2014 in front

of Lisa Aschkenasy, Referee. Docket number V-00143-09/13F. (Ex: 35)

The Plaintiff believes on December 3rd, 2014, not December 2nd, 2013

as that is the date stated to be filed on such Temporary Order Docket number

O-05321-13. Mr. Rawley filed a Family Offense Petition against the Plaintiff with

the name for the Plaintiff to be Jessica Graham (Szabo), which that is not the J.P.S.R.

Plaintiff's Legal name. Mr. Rawley stated that the Plaintiff withdrew the child ████

from School after school officials disputed the Planitiff's claim that their son is Autistic.

This is a lie. And that the Plaintiff made a false NJ Children Services complaint on

November 20th, 2013 against Mr. Rawley. Which that is a lie. (Ex: 4, 5, 6, 7, 8, 9,

10, 11, 49, 68 & 94)

On December 3rd, 2013 service was made on Mr. Rawley for the Plaintiff's Order to

Show Cause for December 10th, 2013 Docket number V-00143-09/13G & V-00961-09/13C.

We appeared in front of Lisa Aschkenasy, Referee where a Supervised Visitation Order was

given for Eileen Montrose, SW to supervise the Plaintiff's visits. After the Plaintiff spoke to

Eileen Montrose, SW she informed the Plaintiff that she was waiting for Mr. Rawley to

contact her. (Ex:17, 36, 43, 44, 61 & 116)

On December 10th, 2013 the Plaintiff showed up for Court however Mr. Rawley did

not neither did Geoffrey Long Esq. No warrant was issued for his arrest. When the Plaintiff

explained to Lisa Aschkenasy, Referee that we were supposed to appear in front of her today

she said "no we weren't". The Plaintiff requested to bring such case to a higher Court. Lisa

Aschkenasy, Referee threatened to make the Plaintiff Legally Incompetent. Ralph Porzio,

Esq. was assigned as the Plaintiff's Attorney. (Ex: 61, 62)

On the Plaintiff's filed Order to Show Cause in late December 2013 Lisa Aschkenasy, Referee assigned Benjamin Haber, Esq. as the Plaintiff's Attorney Guardian from what the Plaintiff believed to be an additional Attorney because Ralph Porzio, Esq. wasn't present that day.

An Order was produced on December 19th, 2013 for an Order Directing Medical Examination for the Planitiff to return back to Court for January 9th, 2014. (Ex: 56) Again Jane Doe 3 approached the Plaintiff and said "you are nuts" in front of a room full of people. The Plaintiff immediately reported to Staten Island Family Court Services at 130 Stuyvesant Place S.I., N.Y. 10301 and was evaluated by Margit Winckler PH. D not a Psychiatrist as Ordered. (Ex: 14)

In an Affidavit in Opposition dated December 30th, 2013, Mr. Rawley sworn in and stated in Line 2 "that the Plaintiff's baseless request to "see a Judge or another Referee". Again the Plaintiff never gave Family Court permission to see Lisa Aschkenasy, Referee to hear these matters. Mr. Rawley stated in Line 3 that "the Plaintiff frantically drove to Jersey City to complain to police officers in that jurisdiction that she was being followed by Russian mobsters and plain-clothes police officers from the NYPD". In Line 4 Mr. Rawley stated "that the Plaintiff has engaged in a course of erratic, paranoid and delusional behavior that constitutes a danger to herself and others." Mr. Rawley is not a Medical Professional. In Line 6 Mr. Rawley states that "in view of the Plaintiff's untreated and escalating paranoia." In Line 7 Mr. Rawley states "in his concern to the Plaintiff's ability to care for our son due to her severe psychiatric issues are set forth in detail in my Order to Show Cause on file with this Court". In Line 8 Mr. Rawley states "he is particularly alarmed that the Plaintiff apparently intends to homeschool our child,..." It is the Plaintiff's right to homeschool their child. There

is no Law against it. As well as to the Plaintiff's Custody Order dated July 14th, 2009 and

entered and Ordered on July 28th, 2009. Section (3) (B). Custody.

The Plaintiff has sole custody includes legal and residential/physical custody including making

major and minor decisions..... (Ex: 3 & 91)

On January 2nd, 2014 the Plaintiff reported back to Staten Island Family Court

Services and was evaluated by Dr. Shashi Elangovan from Staten Island Family

Court Services, reports that "the Planitiff is Alert, Oriented and generally

pleasant, superficially cooperative with good eye contact. There was no evidence

of though disorder. That the Planitiff had no active or overt suicidal or homicidal

ideations or intent at the time of exam. She appeared to be AVERAGE INTELLIGENCE

CLINICALLY. She also believes that she is under surveillance by the Police Community

and that her son is being discriminated against having Autism." (Ex: 57 & 104)

On January 6th, 2014 Geoffrey Long, Esq. wrote a cover letter for his Client's Affidavit

In Opposition dated December 30th, 2013 opposing the Planitiff's Order to Show Cause

with the wrong Docket number to be V-00143/09; V-00961-9, it is supposed to be

V-00143/09/13D & V-00961-09/13A. And such it further slanders and defames

the Plaintiff's character.        (Ex: 91)

On January 9th, 2014 the Plaintiff and Attorneys Ralph Porzio, Ian Berliner

and Benjamin Haber appeared in front of Lisa Aschkenasy, Referee with Mr. Rawley and

his Attorney Geoffrey Long, Esq. were such reports were entered from Staten Island

Family Court Services that the Plaintiff does not have Mental Illnesses. Also a report from

NYC ACS Deborah Pride, SW entered her report about the Plaintiff. She reported

that the Plaintiff has untreated Mental Illnesses and refused to accept any medical

Documentations in regards to the child [REDACTED] *J.P.S.R.* Disabilities, Autism, ADHD and his Impulsivity Disorder. And New Jersey Children services report was entered dated November 15, 2013. An Order was entered for the Plaintiff to have supervised visits with [REDACTED] *J.P.S.R.* the child at NY Center for Interpersonal Development at 130 Stuyvesant Place S.I., N.Y. 10301 by Ms. Erin Neubauer-Keyes, Program Director. Parties were given a new Referee Alison Hamanjian without the Plaintiff's consent. Due to Ms. Neubauer- Keyes only being to set up visits on Saturdays and she was waiting for Mr. Rawley's intake fee because Family Court's Order did not Order for Mr. Rawley to pay an intake fee of $75.00 the Plaintiff had to reappear at Family Court to have such Order amended. The Plaintiff did not visit [REDACTED] *J.P.S.R.* until March 1st, 2014. (Ex: 67 & 77)

During such month of January 2014 the Plaintiff was at Family Court trying to file an Order to Show Cause and Jane Doe 4 Court Clerk said to the Plaintiff "You have Mental Illnesses." Also NYS Court Officer Steve Badge number 3096 said to the Plaintiff "You are a Retard" in front of a room full of people.

On January 23rd, 2014 the Plaintiff and Attorneys Ralph Porzio, Ian Berliner, Mr. Rawley and his Attorney Geoffrey Long, Esq. appeared in front of Alison M. Hamanjian, Referee. Attorney Porzio asked the Plaintiff to sign a paper giving permission for Alison Hamanjian, Referee to hear our cases. The Plaintiff refused and did not sign. The Plaintiff requested to be heard in front of a Judge and was denied. Parties were adjourned until March 25th, 2014. A new Temporary Order of Custody was issued as the Plaintiff to be Jessica Graham. (Ex: 72)

On January 23rd, 2014 the Plaintiff, Mr. Long and Mr. Rawley appeared in front of Support Magistrate Janele Hyer-Spencer where she suspended the Plaintiff's

child support without proper affidavit of service being made against the Plaintiff.

Docket number F-03332-08/13J. And settled a violation accordingly against

Mr. Rawley for having Medical Insurance for ▓▓▓▓ after Mr. Rawley lied to

S.M. Hickey on April 29th, 2011 about not having Medical Insurance for ▓▓▓▓

for his Disabilities. Docket number F-03332-08/13K.

On or about sometime in the early months of 2014 the Plaintiff went to Human

Rights located at NYS Division of Human Rights, 163 W. 125th St. 4th Fl., N.Y., N.Y. 10027

to inform such Attorneys John Doe 11 and John Doe 12 about how the Plaintiff is being

Discriminated against and how Family Court in Richmond County and NYCID is not

accommandating the Plaintiff and ▓▓▓▓ disabilities. They did a very poor investigation and

could not provide any help to the Plaintiff.

On February 10th, 2014 the Plaintiff filed an Elizabeth Police Department complaint

against Mr. Rawley. (Ex: 1, 3, 4, 5 & 41)

On February 24th, 2014 Mr. Rawley filed a Violation to his Temporary Order of

Protection dated December 2nd, 2013 not December 3rd, 2013. Stating that the

Plaintiff filed another Elizabeth Police Department Report on February 14th, 2014.

As per Elizabeth Police Department records show there was no report made on February

14th, 2014 by the Plaintiff. (Ex: 75)

On February 27th, 2014 the Plaintiff filed an Elizabeth Police Department

report for Mr. Rawley not having Window Guards installed in his residence after

confirmation from the responding Officers as per ▓▓▓▓ Doctors orders.

(Ex: 31, 32 & 42)

On March 1st, 2014 the Plaintiff finally received a supervised visit with the

Child ███ J.P.S.R. Ms. Neubauer-Keyes S.W. refused to follow Doctor's Orders to follow

such Behavioral Plan for J.P.S.R. ███ to control his dangerous behavior due to his

disabilities, she refused to structure his environment as per Doctor's Orders, she

refused to keep Mr. Rawley away from the visit room while the Plaintiff visited

J.P.S.R. ███ because Mr. Rawley was intimidating the Plaintiff and clearing his throat when

J.P.S.R. ███ was telling the Plaintiff how he was being treated at home in an abusive

and neglected way. Ms. Neubauer-Keyes S.W. refused to clean the toys and supply

the Plaintiff with an Adult chair for the Plaintiff's Disabilities. The Plaintiff has a

Heart Condition and cannot stand for an entire hour and or sit on the floor

especially a dirty floor. J.P.S.R. ███ was taking off his Adderall by Mr. Rawley and

he has severe ADHD as well as an Impulsivity Disorder. The Plaintiff also has

Osteoporosis which causes extreme back pain. Ms. Neubauer-Keyes S.W. refused

to accommodate both the Plaintiff and J.P.S.R. ███ disabilities. And because of

J.P.S.R. ███ uncontrollable behavior Mr. Rawley would yell and scream at J.P.S.R. ███

because Mr. Rawley could not control his behavior. The Plaintiff informed Ms. Neubauer-

Keyes S.W. multiple times in regards to these matters, the Plaintiff contacted NYC

ACS, NYC Child Advocacy Stacey Russo, LMSW, Department of Human

Rights, District Attorney Daniel Donovan Jr. and Family Court Clerk of Court

William Quirk and Assistant Clerk of Court James Velouce as well with multiple

filed Order to Show Causes. The Plaintiff informed Attorney Ralph Porzio and

he informed the Plaintiff there is nothing he can do about it. The Plaintiff is unable

to visit J.P.S.R. ███ because of the lack of Public Accommadations.

(Ex: 37, 38, 39, 49, 71, 73, 109 & 176)

On March 14th, 2014 the Plaintiff was the only party that showed up for at Family

Court. Mr. Rawley, Mr. Long and Mr. Berliner did not show. The Plaintiff's Attorney Mr.

Porzio sent a letter out to all parties explaining he couldn't show up for Court that day.

However, he did appear in Family Court for another case. George Eng, Esq. refused

to call the Plaintiff's Order to Show Cause on the record in addition to the Planitiff's

Scheduling hearing. George Eng, Esq. had the Plaintiff and Mr. Porzio go into his office

where he told the Plaintiff that the Planitiff's case was not being called and to

come back up after lunch to receive such signed Order to Show Cause signed by Judge

Lim without being on the record. The Plaintiff's Grandfather Joseph Graham was handed

the Plaintiff's signed Order to Show Cause which contained Medical Documentations

belonging to the Plaintiff. Please take note that Joseph Graham is not a party to these

cases and the Plaintiff refused to accept the Order to Show Cause from George Eng,

Esq. because the Plaintiff was not heard on the record. And the Plaintiff did not give

George Eng, Esq. permission to release such medical documentations to Joseph

Graham. (Ex: 43)

On March 25th, 2014 Support Magistrate Janele Hyer-Spencer continued the

suspension on the Plaintiff's child support Order still without proper service.

On March 25th, 2014 the Plaintiff's request was granted to have Benjamin Haber,

Esq. and Ralph Porzio, Esq. removed from the case because they both refused to accept

the facts of the case, file any paperwork that the Plaintiff requested and Attorney Ralph

Porzio, Esq. believed that our next appearance was on March 24th, 2014 not March 25th,

2014. Referee Hamanjian entered an Order appointing Mental Health Examination which

was already done so in December 19th, 2013 and January 2nd, 2014. After parties were

heard parties were adjourned for May 13th, 2014, we broke for lunch and our case was

called again in front of Alison Hamanjian Referee were Jody Bahar, Esq. was assigned to

the Planitiff as the Planitiff's Court Advisor without the Planitiff's permission. The only two

people who were present were the Plaintiff and Attorney Jody Bahar. Jody Bahar, Esq.

refused to accept any of the facts of the case and requested for the Plaintiff to make copies

of well over a 1000 documents which she knew the Plaintiff could not afford. Jody Bahar,

Esq. refused to submit any paperwork on behalf of the Plaintiff's request, Appeals to the

Appellate Division and file any Motions to Family Court. In, fact she refused to even advise

the Plaintiff on how to file such mentioned paperwork. Jody Bahar, Esq. ended up going

on vacation for two weeks. And didn't return until on or about April 14th, 2014. NYS

Court Officer Steve badge number 3096 is always forcing the Plaintiff to seat in a

chair. Even though the Plaintiff has repeatedly informed him that the Plaintiff can not

seat for long periods of time and the Plaintiff has to be able to get up and down freely

at any given time. The Plaintiff filed an Appeal with the Family Court for the Appellate

Division Second Judicial Department, Supreme Court of the State of New York dated

April 3rd, 2014, Docket number O-05321-13. An Decision and Order on Motion dated

May 21st, 2014 was ordered that the motion is denied as academic Docket number 2014-

03610. In Mr. Long's Affirmation in Opposition dated April 21st, 2014 in Line 6 Mr.

Long states "the trial court has appointed Jody Bahar, Esq. as the Plaintiff's advisor".

Again the Court has done so without the Plaintiff's permission and recalled this matter

after the Court broke for lunch and recalled the case without Mr. Rawley, Mr. Berliner

and or Mr. Long present on March 25th, 2014. (Ex: 14, 15, 69 Line 20 & Ex: 103)

On March 26th, 2014 the Plaintiff had an Impartial Hearing with NYC DOE. The

Plaintiff was entering the ferry terminal on Richmond Terrace S.I., N.Y. were NYS Captain

Court Officer John Doe 5 and NYS Court Officer John Doe 1 badge number 7632 were

following the Planitiff and stalking the Planitiff in the ferry terminal.

On March 31st, 2014 the Plaintiff reported to the NYC ACS located at 350 St.
Marks Place S.I., N.Y. to obtain a PINS letter to file such PINS Petition in Family Court
as per Article 7 NY FCT. Ms. Elisa Georgis, employed as a Supervisor, at the NYC
ACS refused to process the Plaintiff's paperwork. In fact, she told the Plaintiff "you are
reading it wrong". And that the Plaintiff never made contact with the Jewish Board Family
Children Services back in March 2013. After leaving NYC ACS building the Plaintiff
called "311" and filed a compliant against NYC ACS in regards to the PINS letter. The
Planitiff believes on this day she also tried to get assistance from two Attorneys for the
NYC ACS located at 350 St. Marks Pl. S.I., N.Y. 10301 John DOe 17 and John Doe
18. (Ex: 26, 54, 55)

On March 31st, 2014 the Plaintiff reported to Family Court to receive a Notice
to appear for filed "V" Dockets. Notice to appear states that such "V" Dockets will be
heard on May 13th, 2014. (Ex: 63)

On April 3rd, 2014 the Plaintiff filed an Appeal to a Temporary Order of Custody
from Family Court in Richmond County Docket number V-00143-09/13D & V-00961-09/13A.
Such Temporary Order states the Plaintiff to be Jessica Graham dated January 23rd, 2014.
From the previous Temporary Custody Order it states the Plaintiff's name to be Jessica C.
Szabo dated November 20th, 2013 from a filed Order to Show Cause by Charles T. Rawley
on November 15th, 2013. Mr. Rawley's filed Order to Show Cause and Affidavit in Support
dated November 15th, 2013 states the Plaintiff's name to be Jessica G. Graham. The Plaintiff
had no choice but to file such Appeal because Attorneys Ralph Porzio, Benjamin Haber & Jody
Bahar refused to file such Appeal and or any Motions in Family Court and or Supreme Court

of the State of New York Appellate Division Second Judicial Department. Please note that the Plaintiff made an error on such filed Appeal. Plaintiff stated to Appeal a Temporary Order of Custody dated March 25th, 2014, but it was actually a Temporary Order of Custody dated January 23rd, 2014. It was Ordered that the Motion is denied as academic Docket number 2014-03611 from the Appellate Division dated. (Ex: 13, 72, 114, 115)

On April 3rd, 2014 the Plaintiff filed an Appeal to a Temporary Order of Protection from Family Court in Richmond County Docket number O-05321-13. Such Temporary Order of Protection states the Plaintiff to be Jessica Graham. On such filed Family Offense Petition it states the Plaintiff to be Jessica Graham (Szabo). And it was never sworn in front of a Notary by Charles T. Rawley. The Temporary Order of Custody attached to such Family Offense Petition is Ex. 13 as the Plaintiff to be Jessica C. Szabo. Attorney Geoffrey Long has also communicated with Attorney Jody Bahar as the Plaintiff's Court Appointed Advisor. Please note the Plaintiff never requested for an Advisor. And Attorney Geoffrey Long did not show correct proof of service for Ian Berliner, Esq. He stated Ian Berlina, Esq. Law Guardian for the Child. In such Mr. Rawley's Affidavit in Opposition dated April 20th, 2014 Docket numbers 2014-03610 & 2014-03611 it states the Plaintiff to be Jessica C. Graham. That is the wrong captions for both Temporary Orders. Also Attorney Geoffrey Long's server sworn in an Affidavit of Service that she served the Plaintiff at the individuals address on April 21st, 2014. The Plaintiff has never meet Lynne D. O'Neill. The Plaintiff would not even be able to identify her at all. This such mentioned Affidavit in Opposition was left in the Plaintiff's mailbox in a sealed envelope with stamps on it that was never scanned through the USPS to the Plaintiff's belief. (Ex: 72, 116, 117, 118, 119 & 120)

On April 9th, 2014 the Plaintiff went back to NYC ACS to get the PINS letter that the Planitiff needed as directed by Gina Court Clerk of Family Court to file a PINS Petition.

Jane Doe 6 employed as a Supervisor at NYC ACS, Charles Smith Allied Security Guard and John Doe 6 Allied Security Guard refused to cooperate with the Plaintiff. Instead they all kept making comments in front of a room full of people that the Plaintiff was "crazy". Plaintiff called "911" to get assistance from the NYPD. Because as per NY FCT Article 7 any Officer can obtain such letter. The Plaintiff was there lawfully. Instead of receiving the letter NYPD Officer John Doe 8 and Officer John Doe 9 arrested the Plaintiff and was brought to the 120th Pct. Where the Plaintiff was left handcuffed for over twenty minutes in a locked cell left alone after NYPD Officer Jane Doe 8 threatened the Plaintiff by yelling "I'm going to kill you", and then NYPD Officer Jane Doe 9 physically assaulted the Plaintiff by rushing up on the Plaintiff from the back and pushed the Plaintiff up against the wall. Officer John Doe 7 stated to the Planitiff "nice job trying to get your kid back!" The Plaintiff was processed and released in the P.M. hours and went home to find a letter in the mail from NYC ACS Office of Advocacy by Stacey Russo, LMSW dated April 3rd, 2014 that only "the Custodial parent can request services for the child". This is not true. The Plaintiff filed a complaint with the NYPD Internal Affairs immediately. Complaint was entered. (Ex: 26)

On April 10th, 2014 the Plaintiff filed a PINS Petition at Family Court and appeared in front of Supervising Judge Helene D. Sacco were she dismissed the Plaintiff's Petition without prejudice. She stated on the record she is not putting a PINS out for a six year old. (Ex: 26, 64, 87& 179)

On April 16th, 2014 the Plaintiff reported to Staten Island Family Court Services located at 130 Stuyvesant Pl. S.I., N.Y. because it was ordered again to be evaluated from such Order dated March 25th, 2014. Mitch Rouzie, SW. forced the Plaintiff to seat in a chair for three hours even though the Plaintiff provided him with Medical Documents from the Plaintiff's Cardiologist

in regards to the Planitiff's heart condition. Mitch Rouzie the SW stated to the Plaintiff " I don't care about your heart condition, you have Mental problems", "if you don't cooperate with what I say I will give a bad report to the Court about your behavior". Mitch Rouzie also refused to accept any Medical documentation from J.P.S.R. Doctor's in regards to his Disabilities. (Ex: 96)

On or about April 23rd, 2014 the Plaintiff recieved an Affidavit in Opposition in her mailbox from Geoffrey Long, Esq. with an attached Affidavit of Service from Lynne O'Neill where she sworn in that she served the Plaintiff at her address. This is a lie. There is no markening on the envelope from the USPS. And the Planitiff was never served by Lynn O'Neill. In fact, the Planitiff never met Lynn O'Neill. (Ex: 119 & 120)

On April 23rd, 2014 the Plaintiff filed an Objection to be reviewed by Supervising Judge Helene D. Sacco for S.M. Spencer's Order dated March 25th, 2014. (Ex: 78 & 79)

On April 24th, 2014 at 5:00p.m. was supposed to be the Plaintiff's observed visit with the Child J.P.S.R. Mitch Rouzie canceled such appointment on April 23rd, 2014 at 3:44p.m. Mr. Rouzie was supposed to get back to the Plaintiff on April 24th, 2014 and he did not. On April 28th, 2014 the Plaintiff contacted Mr. Rouzie and reminded him about our observed visit. Mr. Rouzie responded back "I will get back to you". Mr. Rouzie contacted the Plaintiff on April 28th, 2014 later in the P.M. hours and confirmed the Planitiff's Appointment to be on April 29th, 2014 at 4:00p.m.

On April 29th, 2014 Mr. Rouzie refused to accommodate J.P.S.R. environment to be more structured for him for his disabilities. He also refused to keep the Plaintiff safe from Mr. Rawley. Mitch Rouzie contacted the Plaintiff by stating that "I will not limit the toys" and "He will be in the next room". Leaving our observation unsuccessful.

On May 1st, 2014 the Plaintiff filed an Appeal to an Order of Dismissal from

Family Court in Family Court in Richmond County dated April 10th, 2014 Docket

number S-01476-14. The Plaintiff was informed by a Court Clerk in Family Court

that I had to add Ian Berliner, Esq. and Geoffrey Long, Esq. on the Appeal even

though they were not representing the Respondent. The Planitiff was informed that

the Planitiff had to file one original and four copies of completed Appeal. Which the

Planitiff believes it's one original and two copies.The Plaintiff was informed by Supreme

Court Appellate Division Second Judicial Department that it was never received by them.

The Plaintiff filed a second Appeal in Family Court for the same Order of Dismissal on

May 9th, 2014. The Plaintiff added Ian Berliner, Esq. and Geoffrey Long, Esq. to the

second filed Appeal on May 9th, 2014. The Plaintiff received a letter in the mail from

Supreme Court Appellate Division Second Judicial Department dated May 12th, 2014

and only such Counsel Geoffrey Long, Esq. was documented. Jane Doe 4 Court Clerk

of Family Court also made the Plaintiff file one original and four copies of such Appeals

in Family Court for the Appellate Division. As the Planitiff believes from reading the rules

of the Court. If one such files an Appeal for the Appellate Division in Family Court, you

are suppose to file one original and two copies. Jane Doe 4 always forced the Planitiff to

file extra copies. If the Planitiff didn't she wouldn't except the Planitiff's Appeals. Jane

Doe 4 have yelled across the Court house "you have Mental Illnesses!!" The Plaintiff

always informed her that, that is a lie.

On May 5th, 2014 the Plaintiff contacted Mitch Rouzie S.W. by stating "GM Mitch

after speaking to my advisor Jody Bahar and still I was not getting straight answers

from her leaving my questions and concerns still unanswered.. I have reached out

to many professionals over the last few days... I saw how hard it was just for NYCID

and Family Court services to maintain J.P.S.R. and I safety...now that u want to have

the evaluation on May 7th, 2014.. being it is the same location and room... I have

made numerous complaints about J.P.S.R. Autism, ADHD and Disabilities...

Family Court Services keeps intentionally discriminating against J.P.S.R. and myself....

so I've been informed to ask you one more time to accommodate J.P.S.R. Autism

and ADHD at your facility please? And you said the father won't be there on May

7th then who would be bringing J.P.S.R. anyway? If you can't accommodate

J.P.S.R. disabilities I will not be coming on May 7th... sorry". "Mitch Rouzie S.W.

contacted the Plaintiff by stating "I have met with J.P.S.R. in the playroom and

I observed that he had no problems with the format. I will see him again on 5/7

and urge you to reconsider your decision to not attend. Concerning the playroom,

we will not alter the environment". The Plaintiff contacted Mitch Rouzie S.W.

back by stating "What format J.P.S.R. is on a behavioral plan which must be consistent

across the board with only individuals that he comes into contact with bc of his

Autism and ADHD his Disabilities.... That's doctors dxs and orders... u don't

even know what his behavioral plan consist of...so how can u express ur opinion

based on what u observed if u did not follow his behavioral plan". Mitch Rouzie S.W.

contacted the Plaintiff by stating "The choice is yours to attend". The Plaintiff

contacted Mitch Rouzie back by stating "Your format is bias and discriminatory

towards J.P.S.R. disabilities... your intentionally not complying with doctors' orders

I will not subject myself to abuse and neglect towards my son... the father just

pushes my son onto the NJ schools his wife and caretakers who r not properly

caring for J.P.S.R. without making sure his disabilities are met... And it's the law

to accommodate J.P.S.R. disabilities.. Mitch Rouzie S.W. did not respond back.

(Ex: 69 Line 18)

On May 5th, 2014 the Plaintiff reported back to NYC ACS for second PINS letter

and was still treated as if the Plaintiff was Mental Ill. It took some time but they cooperated

and provided the Plaintiff with such letter. The Plaintiff went back to Family Court

and filed a second PINS Petition and appeared in front of Supervising Judge Helene

D. Sacco were she dismissed the Plaintiff's PINS Petition without prejudice without

due regards for ████ safety, Mental Health Services and defiant uncontrollable

behavior for the second time. The Plaintiff filed an Appeal with the Family Court for

the Appellate Division Second Judicial Department, Supreme Court of the State

of New York dated May 16th, 2014, Docket number S-01885-14.

(Ex: 27, 88, 131, 180)

On May 9th, 2014 the Plaintiff made my first appearance at Criminal

Court where I was appointed a Lawyer and requested for a Trial. The Plaintiff

was adjourned for August 8th, 2014.

On May 13th, 2014 the Plaintiff objected to Jody Bahar, Esq. to advise

the Planitiff and to be removed from the case. Request was granted. The Plaintiff and Mr.

Rawley's filed Family Offense Petition Trials did not start until May 13th, 2014

which they were filed on November 21st, 2013, December 3rd, 2013 and

February 24th, 2014. Mr. Rawley testified under oath from a direct question

from ████ Law Guardian Ian Berliner, Esq. that he is hitting ████ to

discipline him. Mr. Rawley lied under oath stating that the first time NJ Children

Services was at his house was on November 20th, 2013. This is a lie. The first

time NJ Children Services was at Mr. Rawley's house was on November 15th,

2013. We were adjourned until July 16th, 2014. The Plaintiff filed an Appeal with

Family Court for the Appellate Division Second Judicial Department, Supreme

Court of the State of New York, Docket number O-05321-13. The Plaintiff received

a letter from the Clerk's office dated July 2nd, 2014 stating that the Plaintiff's caption

reflects on docket number to be 2014- 06255 Matter of Rawley v Graham Ind.

S-2053-14- Appeal from O-5/19/14- Family Richmond, which is incorrect. Mr.

Rawley even responded with an Affidavit in Opposition dated July 14th, 2014 with

such incorrect information. In such Opposition in Line 2 Mr. Rawley states, Plaintiff

disregards the fact that she has not complied with the trial court's order that she

 undergo a full psychiatric evaluation. There is no such Order. However, an Order

was entered on March 25th, 2014 to see Mitch Rouzie SW, not a Psychiatrist and not for

full evaluation. The Plaintiff saw Dr. Shashi Elangovan from Staten Island Family

Court Services and reported "No though disorder" on January 2nd, 2014. As well

as the Plaintiff being evaluated by Margit Winckler PH. D, where she made contact

with█████████Dr. Steven B. Schwartzberg and Dr. Reuven Weiss, Ph. D. a Licensed

Clinical Psychologist Neuropsychology and Rehabilitation and confirmed the Plaintiff's

contentions that Joseph the child has Autism without a Court Order. In Line 3 Mr. Rawley

stated as indicted below, the Plaintiff is mentally ill.... After numerous amount of requests

to the Appellate Division the Plaintiff made it clear that the letters that the Plaintiff is

receiving is making it difficult to process my paperwork correctly because of the incorrect

information. The Plaintiff received an amended letter from the Appellate Division dated

July 2nd, 2014 with the correct caption and information for such Motion. However, that

was not sent to the Plaintiff until after such Motion was heard. Such Motion was Ordered

that the Motion is denied as academic dated August 18th, 2014. The Plaintiff has filed a

Motion to reargue. (Ex: 14, 15, 37, 71)

On May 15th, 2014 the Plaintiff received a third PINS letter from NYC ACS and filed a PINS Petition on May 16th, 2014 but was placed on the Family Court's calendar for May 19th, 2014. (Ex: 28)

On May 16th, 2014 the Plaintiff filed another Family Offense Petition against Mr. Rawley. Docket number O-02045-14. (Ex: 16)

On May 19th, 2014 the Plaintiff appeared in front of Supervising Helene D. Sacco for a third PINS Petition and explained that the Plaintiff is unable to visit the child because NYCID is refusing to accommodate the Plaintiff and ▮▮▮▮ Disabilities during such visits. Supervising Helene D. Sacco dismissed the Plaintiff's PINS Petition without prejudice.

On May 19th, 2014 the Plaintiff received a Notice to Appear for Docket number V-05203-13 for July 16th, 2014. (Ex: 76)

On May 19th, 2014 Mr. Rawley filed an Affidavit in Opposition and Geoffrey Long, Esq. his Attorney sent such Affidavit in Opposition with a cover letter CC: to Ian Berliner, Esq. and the Plaintiff. In such Affidavit in Opposition Mr. Rawley states that the Plaintiff is mentally ill..... and she has thus far made three (3) motions in the Trial court to discharge her (a) court appointed Attorney; (b) court appointed guardian; and (c) court appointed advisor in Line 2. In Line 15 Mr. Rawley states the Plaintiff has been ordered by the trial court to undergo a full forensic psychiatric evaluation but, to date, she has not cooperated or signed HIPPA authorizations to allow appointed expert to properly evaluate her. As such Order dated March 25th, 2014 no parties shall be informed of such information obtained. Geoffrey Long Esq's., server Lynne

O'Neill sworn in an Affidavit of Service dated May 19th, 2014 that she served

the Plaintiff by mailing a copy of same... This is a lie.

(Ex: 14, 15, 104, 124, 125, 126, 127, 128)

On May 22nd, 2014 the Plaintiff, Attorneys Geoffrey Long, Esq. and Ian Berliner,

Esq. appeared in front of Alison Hamanjian Referee in Part 2 because Family Court was

having staffing issues that day. The Plaintiff's Family Offense Petition was adjourned to July

16th, 2014. (Ex: 16)

On May 23rd, 2014 the Plaintiff sent a Motion with exhibits to the Appellate

Division and a copy of completed Radi with a copy of Notice of Appeal and a copy of

the Order of Dismissal as directed to do so by Ken rose the Planitiff's Casemanger and

because Family Court was not sending the Planitiff's filed Appeals to the Appellate Division.

(Ex: 132)

On May 30th, 2014 the Plaintiff received the Plaintiff's sent Motion on May 23rd,

2014 back from the Appellate Division stating that the Plaintiff had to file a Notice of

Appeal in Family Court. Which the Plaintiff did. Plaintiff sent back the Motion with

stamped completed Radi, a copy of Notice of Appeal and a copy of Order of Dismissal.

(Ex: 133, 134)

On June 11th, 2014 the Plaintiff filed a request for transcripts for Mr. Rawley's

appearance in front of Judge Lim from November 15th, 2013, where the Plaintiff believes

that Mr. Rawley filed for Custody for ▓▓▓▓ without a Birth Certificate and the Plaintiff

to be Jessica G. Graham. The Plaintiff also requested for such Transcripts for Mr. Rawley's

appearance on November 20th, 2013 where he was supposed to be heard in front of

JHO Danoff. There is no record for such appearance. Mr. Rawley appeared in front of

Referee Lisa Aschkenasy and received a Temporary Order of Custody as the Plaintiff to

be Jessica C. Szabo. Such Transcripts record shows parties to be Rawley v Graham

not Rawley v Szabo. Transcripts request order shows that the Plaintiff appeared in front

of JHO Danoff on November 21st, 2013 were the Plaintiff was adjourned until January

23rd, 2014 for such filed Family Offense Petition that such Trial did not start until May

13th, 2014 Docket number O-05204-13. Transcripts were ordered for such appearance

for Referee Hamanjian on January 23rd, 2014 where again the Plaintiff did not give such

permission to be heard in front of Referee Hamanjian. Transcripts records show parties

Rawley v Szabo on January 23rd, 2014, however Mr. Rawley filed his Order to Show

Cause and Affidavit in Support on November 15th, 2013 as Rawley v Graham.

(Ex: 12, 165 & 166)

On June 11th, 2014 The Plaintiff filed two Appeals with the Family Court for

the Appellate Division Second Judicial Department, Supreme Court of the State of

New York. Docket numbers O-05321-13 & S-02053-14.

(Ex: 136, 140, 183, 184)

On or about June 22nd, 2014 the Plaintiff received a Scheduling Order

dated June 18th, 2014 in regards to the Plaintiff's filed Motion Docket number

2014-04782 ordered that a Brief shall be filed. Dillon, J.P., Hall, Miller and

Hinds-Radix, JJ., concur. Entered by Aprilanne Agostino, Clerk of Court.

Plaintiff followed such Order pay for ordered Court Report, filed an Affidavit

with the Appellate Division and prepared a Brief. When the Plaintiff tried to

file such Brief. The Court Clerk from the Appellate Division informed the

Plaintiff that the Planitiff had the wrong Notice of Appeal attached to such Brief,

that the Plaintiff had to pay a filing fee and that Ian Berliner, Esq. is the Law

Guardian for the child and he should be served. There is no Law
Guardian for the child for this Docket number. The Plaintiff filed a Motion
to reargue to Docket number 2014-04782. (Ex: 129)

On June 26th, 2014 the Plaintiff ordered a Court Report from
Christopher Pezzuto for Docket number S-01476-14 . Mr. Pezzuto said it
would take about a month and you have to request it from Jay Sellers.
(Ex: 93)

On June 30th, 2014 Supervising Judge Helene D. Sacco signed
her Order dated June 26th, 2014 VACATING the Suspension on the
Plaintiff's child support Order. Support Magistrate Janele Hyer-Spencer
lied to Supervising Judge Helene D. Sacco, she stated that the Plaintiff
was avoiding service. Which the Plaintiff was not as per Supervising
Judge Helene D. Sacco's Order. (Ex: 20)

On or about June 30th, 2014 the Plaintiff received a letter in the
mail from the Appellate Division stating that Motion Docket number
2014-06255 has been filed. (Ex: 137)

On June 30th, 2014 the Plaintiff sent the Appellate Division three
different Priority Mail for three different Motions. The Plaintiff has always
been informed to send a letter requesting a waiver fee for filing as well as
an assigned counsel and then send in such Affidavits with exhibits after
such Motion is placed on the calendar. (Ex: 185)

Most of each time that the Planitiff would go to Supreme Court of the
Statee of New York, Appellate Division Second Judicial Department the Planitiff
would come into contact with John Doe 13 and John Doe 14 and they would place

the Planitiff's Affidavits and exhbits on their desk and hestitate to time stamp the

Planitiff's Affidavits. They would mislead and misguide the Plaintiff by informing the Plaintiff

with the wrong rules of the Court and provide the Planitiff with the wrong case information.

On or about July 6th, 2014 the Plaintiff received a letter in the mail dated

from Jared Berliner, Esq. stating that he does not wish to represent the child

in Supreme Court Appellate Division Second Department. Such letter has the

wrong Docket number and the wrong Order date from Family Court. (Ex: 30)

On or about July 6th, 2014 the Plaintiff received a letter in the mail from

the Appellate division stating that Docket number 2014-06256 was placed on

the calendar for July 18th, 2014. (Ex: 141)

On July 8th, 2014 the Appellant went back up to Family Court to ask

William Quirk, Clerk of Court to find out why the Plaintiff cannot get a copy

of the Court Report that I am entitled to and there is an Order set in place to

Order them. Jay Sellers told William Quirk that "it's Christopher Pezzuto not

him". And that "it will take two weeks". Later in the P.M. hours the Plaintiff

received a voicemail by Christopher Pezzuto stating that the Court Report

was ready. (Ex: 93)

On July 9th, 2014 the Plaintiff paid for and picked up such Court

Report for Docket number S-01476-14.

On or about July 9th, 2014 the Plaintiff received a letter in the mail

from Supreme Court Appellate Division Second Department Clerk's Office

with the wrong Caption. The correct Ind. is O-05321-13 and Order from

May 13th, 2014 not Ind. S-2053-14 and Order from May 19th, 2014.

To such filed Motion by the Plaintiff Docket number 2014- 06255.

(Ex: 71)

On or about July 10th, 2014 the Plaintiff received an amended letter in the mail from Supreme Court Appellate Division Second Department Clerk's Office amending such Caption. (Ex: 73)

July 14th, 2014 from such order that a new summons shall be issued upon the Plaintiff from Supervising Helene D. Sacco's Order dated June 26th, 2014. However, the Plaintiff, Mr. Long and Mr. Rawley appeared in front of Support Magistrate Janele Hyer-Spencer and S.M. Spencer tried to allow Mr. Long to enter an improper Affidavit of Service diverting from Supervising Helene D. Sacco's Order. S.M. Spencer directed Mr. Long to prepare a summons and I believe another Petition as well as have the Planitiff served personal. The Plaintiff made it clear to S.M. Spencer that she lied to Supervising Judge Helene D. Sacco in regards to the Plaintiff's objection. Parties were adjourned until August 6th, 2014.

On July 15th, 2014 the Plaintiff reported back to NYC ACS for a fourth letter for a PINS and Charles Smith Security Guard physically tried to not let the Plaintiff sign the Planitiff's name in the book. The Plaintiff made it clear that the Plaintiff is here lawfully to obtain just a letter to file a PINS Petition in Family Court as per Article 7 Family Law.  Mr. Smith still refused to cooperate with the Plaintiff. Finally after a few requests the Plaintiff convinced Mr. Smith to allow the Plaintiff to talk to an Employee of the NYC ACS. Jane Doe 12 approached the Plaintiff and explained to

the Plaintiff that NYC ACS cannot provide the Plaintiff with a letter. She

threatened the Plaintiff to have the Planitiff arrested. The Plaintiff called "911".

After the Plaintiff explained to the responding NYPD Officers John Doe 21

and John Doe 22 why the Plaintiff was there. Jane Doe 7 lied to the NYPD

Officers that responded to the Plaintiff's "911" call by informing the Officer

that "we" called "911". NYPD Officer asked Mr. Smith after returning from

the Supervisor's office "How long is this going to take"? Mr. Smith responded

back that "they just have to pull Ms. Graham's file". Then the NYPD Officer

asked Charles Smith Security Guard, who called "911"? Mr. Smith stated

"Ms. Graham did". The Plaintiff reported back to Family Court where I

appeared in front of Judge Lim for such filed PINS Petition and Judge Lim

made it clear it's his belief and he is dismissing the Plaintiff's PINS Petition

with prejudice. Leaving the Plaintiff unable to file a PINS Petition in the future.

After leaving the Court room, the Plaintiff was seating in the waiting area where

Attorney Benjamin Haber threatened the Plaintiff "I'll take your kid". NYS Court

Officer Badge number 6891 over heard Benjamin Haber, Esq. make such threat

to the Planitiff. The Planitiff was approached by Attorneys Jane Doe 11 and John

Doe 15 in an intimidating and threatening manner. They both stated that they would

join Benjamin Haber, Esq.as joining as Attorneys on the case.

      On July 16th, 2014 the Plaintiff filed another Appeal at Family Court for

the Appellate Division Second Judicial Department, Supreme Court of the State

of New York, dated July 16th, 2014. Docket number S-02932-14.

(Ex: 25, 29 & 145)

On July 16th, 2014 Mr. Rawley prepared an Affidavit in Opposition sworn in regards to Docket number 2014-06255 for Ind. number S-2053-14 for Appeal from May 19th, 2014. Mr. Rawley stated the wrong caption, the wrong Family Court Docket number and the wrong Date of Order. Mr. Rawley stated in Line 2 once again that the Plaintiff has disregard the fact that she has not complied with the trial's court's order that she undergo a full psychiatric evaluation. And again in Line 17 (C) ........ must be viewed in light of the fact that Plaintiff refuses to cooperate in the Court Ordered psychiatric evaluation. The Plaintiff has completed a Psychiatric evaluation on December 19th, 2013, January 2nd, 2014 and again on April 16th, 2014. And once again Geoffrey Long's server sworn in an Affidavit of Service that she served the Plaintiff on July 14th, 2014. This is a lie. She did not. (Ex: 14, 104, 138 & 142)

On July 16th, 2014 the Plaintiff reported to Family Court for the Planitiff's filed Family Offense Petition Docket number O-02045-14, however only the Plaintiff and Mr. Berliner showed. Mr. Long and Mr. Rawley did not show. NYS Court Officer Steve badge number 3096 refused to call the Planitiff's case. William Quirk, Clerk of Court and Mr. Berliner approached the Planitiff two separate times by yelling and screaming at the Planitiff's telling to the Planitiff leave. The Plaintiff explained that the Planitiff already checked in, the Plaintiff is on the calendar for 9:00a.m. And the Planitiff wants to be heard on the record and have a warrant issued for Mr. Rawley's arrest if he does not show up by 11:15a.m. They refused to call the Plaintiff's case. The Plaintiff waited until about 11:15a.m. and called "911". Two NYPD Officers responded to the Planitiff's call and NYS Court Officer Steve badge number 3096 lied to the NYPD Officers saying that the Plaintiff's case was on the calendar for 2:30p.m. This is a lie.

On July 16th, 2014 around 2:32p.m. Nancy Herrera served the Plaintiff with

Docket number O-05321/14C and various Docket numbers entered by Judge Lim that was ordered to be served on or before June 3rd, 2014 and a Summons and Petition to appear in Part 21 in front of S.M. Spencer on August 6th, 2014. Around 2:40p.m. the Plaintiff, Mr. Rawley, Mr. Long and Mr. Berliner appeared in front of Alison Hamanjian, Referee where our Trials were repeated for Family Offense Petition Docket numbers O-05321-13 and O-05321-14B. Alison Hamanjian, Referee made it clear on the record that the Plaintiff's Family Offense Petition Docket number O-02045-14 was on the calendar for 9:00a.m. And that the Trials were on the calendar for 2:30p.m. Plaintiff's Family Offense Petition Docket number O-02045-14 was never called. Mr. Long keeps directing his client to lie under oath to avoid Federal charges. (Ex: 19, 33, 242)

On July 17th, 2014 the Plaintiff had Geoffrey Long, Esq. served by mail with an Affidavit and exhibits for Docket number 2014-06255. (Ex: 139)

On July 18th, 2014 the Plaintiff went back up to Family Court to get a Notice of Appearance for Docket number O-02045-14 and the Plaintiff was informed by a Court Clerk that this Docket number was dismissed because parties did not show. The Plaintiff explained that, that was a lie because the Plaintiff called "911" and NYS Court Officer lied to the NYPD Officers. (Ex: 22)

On July 21st, 2014 the Plaintiff filed another Family Offense Petition Docket number O-03007-14. (Ex: 97)

On July 21st, 2014 the Plaintiff sent the Appellate Division a letter requesting for an Assigned Counsel and a waiver fee for such filed Motion Docket number S-02932-14. (Ex: 147)

On or about July 21st, 2014 the Plaintiff filed another Appeal in Family Court

in Richmond County for a Temporary Order of Protection dated July 16th, 2014.

Docket number O-05321-13. (Ex: 24, 153)

 On or about July 24th, 2014 the Plaintiff received a letter in the mail from

Stephanie A. Wresh, Esq. Court Attorney for the Honorable Helene D. Sacco

Supervising Judge, Richmond Family Court stating that the Plaintiff's letter to Hon.

Richardson-Mendelson has been forwarded to Hon. Helene D. Sacco. The Plaintiff

was advised that my letter constitutes ex parte and or one sided communication.

(Ex: 167)

 On July 24th, 2014 the Plaintiff sent a letter to the Appellate Division requesting

for an Assigned Counsel and to waive the filing fee as directed and informed to do so

dated July 15th, 2014. (Ex: 187)

 On July 25th, 2014 the Plaintiff sent another letter for a Motion dated July 16th,

2014 to the Appellate Division as directed and informed to do so.

(Ex: 188)

 Since November 2013 the Plaintiff has called the District Attorney Daniel Donovan

Jr's Office four times to inform him what is going on in Family Court in Richmond County

and that the Plaintiff's son is being abused and neglected. The Plaintiff was informed by the

Detective in the DA'S Office that the DA has nothing to do with Family Court.

 On or about August 2nd, 2014 the Plaintiff received a letter in the mail from the

Appellate Division dated July 30th, 2014 stating that the Planitiff's filed Appeal Docket

number is 2014-07225. The Planitiff also received a letter in the mail from the Appeallte

Division stating the Docket number is 2014-07291. Providing the Planitiff with two

different Docket numbers for the same Appeal. (Ex: 23 & 24)

 On or about August 2nd, 2014 the Planitiff recieved a letter in the mail from the

Appellate Division for a filed Appeal with the Caption to be Rawley v Graham. Which is the wrong Caption. It is suppose to be Graham v Rawley. (Ex: 25)

On August 2nd, 2014 the Plaintiff sent the Appellate Division multiple complaints about numerous Lawyers concerning these matters. The Plaintiff was informed that the Grievance Committee never received them. The Plaintiff never received a letter following two weeks of the Appellate Division confirming that they received them. (Ex: 189)

On or about August 3rd, 2014 the Plaintiff received the wrong Docket number to file such Affidavit for Docket number 2014-07225. (Ex: 225)

On August 5th, 2014 the Plaintiff had Ian Berliner Esq. & Geoffrey Long, Esq. served with Affidavits with exhibits for Docket numbers 2014-07225 & 2014-07229. (Ex: 191)

On August 5th, 2014 the Plaintiff sent the Appellate Division two Affidavits with exhibits for Docket numbers 2014- 07225 & 2014-07229. (Ex. 190)

On August 6th, 2014 the Plaintiff, Mr. Rawley and Mr. Long appeared in front of S.M. Spencer where Mr. Long tried to enter an Affidavit of Service sworn in by Nancy Herrera that she only served the Plaintiff with a Summons no Petition. Parties were adjourned until August 22nd, 2014 because Mr. Long was given a choice and he choose to amend such Affidavit of Service.

On August 8th, 2014 the Plaintiff appeared at Criminal Court in Part AP1, however the letter the Plaintiff received in the mail states the Plaintiff was to appear in Part AP2. Again the State of New York has no discovery over the Plaintiff. The Plaintiff is still waiting for a Trial. And the Planitiff believes that Criminal Court misplaced the Planitiff's Court files. Delaying the Planitiff's case to be called and making it digfficult for the Planitiff to check in. The Plaintiff was

adjourned for October 21st, 2014. (Ex: 95)

On August 11th, 2014 the Plaintiff, Mr. Long, Mr. Rawley and Mr. Berliner appeared in front of Alison Hamanjian, Referee at Family Court. Where Trials were completed except the Plaintiff's filed Family Petition Docket number O-03007-14. In fact, it was never heard that day. Even though it was supposed to. Parties were adjourned for October 15th, 2014. Mr. Long tried to notarize an Affidavit of Service in front of Alison Hamanjian, Referee without the server present. The Plaintiff objected to the belief of that being illegal. Parties were adjourned until August 11th, 2014. When the Plaintiff was leaving the Court House I asked NYS Court Officer Steven Badge number 3096 for an adjourn date and he handed the Plaintiff a Summons for Docket number O-05321-13/14C which the Plaintiff was never served upon and no proof of service was made. After leaving the Court room, the Plaintiff left the building and Mr. Rawley raised his shoulders and left arm at me like he was going to hit the Plaintiff.

On August 11th, 2014 Mr. Rawley sworn in an Affidavit in Opposition for the Appellate Division Motion Docket numbers 2014-07229 & 2014-07225. Mr. Rawley once again has the wrong caption, he stated in Line 18 that the "Plaintiff has not cooperated in the forensic evaluation process" and in Line 20 Mr. Rawley stated that the Plaintiff is "Mentally ill". In such Geoffrey Long's server Lynne D. O'Neill being duly sworn that she served the Plaintiff by mail. However, the envelope received by the Plaintiff was just placed in the Planitiff's mailbox with stamps on it. There is no marking on the envelope from the USPS. As if it was never processed through the mail. (Ex: 148 & 154)

On August 11th, 2014 the Plaintiff sworn in an Affidavit in Support, supporting the Planitiff's Motion for Docket number 2014-07229. The Plaintiff had Geoffrey Long, Esq. served on August 11th, 2014. (Ex: 149 & 150)

On August 11th, 2014 the Plaintiff had Geoffrey Long, Esq. & Ian Berliner, Esq. served with the Plaintiff's Affidavit in Support and Exhibits for Appellate Division Docket number 2014-07225. (Ex: 155)

On August 13th, 2014 the Plaintiff went to report to Family Court around 2:00p.m. to be there by 2:15p.m to file a Motion. The Plaintiff noticed NYS Court Officer John Doe 3 Lt Badge number 712, NYS Court Officer John Doe 2 Badge number 6518, NYS Court Officer John Doe 4 Badge number ? and NYS Court Officer Steve "Doe" badge number 3096 following me to the Court house in their personal cars. The Plaintiff went back home to wait for some time to pass. The Plaintiff attempted a second time to go back to Family Court and while the Plaintiff was walking up to the Family Court House the mentioned NYS Court Officer Lt John Doe 3 badge number 712, NYS Court Officer John Doe 2 badge number 6518, NYS Court Officer John Doe 4 badge number ? and NYS Court Officer Steve "Doe" badge number 3096 around 2:40p.m. were just pulling up to the Family Court and returned back to work late. When the Plaintiff was entering the Family Court House NYS Court Officer John Doe 23 stated to the Plaintiff that "you are the calendar to see Judge Wolff". The Plaintiff said "no I am not". The NYS Court Officer John Doe 12 ripped the Plaintiff's envelope out of the Planitiff's hands thinking it was such Motions that the Planitiff was looking to file, which it was not. They were copies of the Planitiff's Motions. Plaintiff filed two Motions one for Docket number V-00143-09/13D; V-00961-09/13A & one for Docket number O-05321-13 to be heard on August 27th, 2014 to VACATE such Temporary Orders. (Ex: 110)

On August 13th, 2014 the Plaintiff filed an Appeal with the Family Court for the Appellate Division Second Judicial Department, Supreme Court of the State

of New York. Appellate Division Docket number O-05321-13. (Ex: 21 & 159)

On August 14th, 2014 the Plaintiff had Ian Berliner, Esq. & Geoffrey Long, Esq. served with Affidavits and exhibits via USPS. (Ex: 193)

On August 18th, 2014 the Appellate Division opened a file for Family Court Docket number O-05321-13, Appellate Division Docket number is 2014-07775. (Ex: 160)

On August 18th, 2014 either Mr. Rawley or Mr. Long filed an Order to Show Cause to S.M. Spencer in Part 21 that's not dated. To the best of the Plaintiff's knowledge it was not on the record. Plaintiff requests such transcripts. According to the total estimated bill that the Plaintiff received from Shari Riemer/ TypeWrite Word Processing Service it is not documented if it was or was not on the record. (Ex: 121)

On or about August 20th, 2014 the Plaintiff was informed by Ken Rose, the Plaintiff's Case manager that the Plaintiff does not need a Scheduling Order to prepare a brief.

On or about August 21st, 2014 the Plaintiff received an Decision & Order On Motion via USPS which was entered on August 19th, 2014 by Aprilanne Agostino, Clerk of Court of the Appellate Division to order and pay for transcripts to prepare a brief for Docket number 2014-05503.

On or about August 21st, 2014 the Plaintiff received a Decision & Order on Motion dated August 18th, 2014 from filed Appeal Order from May 13th, 2014 Family Court Docket number O-05321-13, Appellate Division Docket number 2014-06255 that is was ordered the motion is denied as academic. (Ex: 74)

On August 22nd, 2014 the Plaintiff, Mr. Long and Mr. Rawley appeared in front of S.M. Spencer where Mr. Long failed to provide an amended proper Affidavit

of Service as directed by S.M. Spencer. The Affidavit of Service that Mr. Long tried to

enter was Nancy Herrera's Affidavit of Service for Part 42 Docket number O-05321-14C.

Parties were adjourned until October 7th, 2014.

On August 25th, 2014 the Plaintiff left such order for the Court Report to be

prepared Docket number 2014-05503 at Family Court with Jack Shanler Court Clerk

to give to Christopher Pezzuto. (Ex: 170)

On August 25th, 2014 the Plaintiff mailed out via USPS a letter requesting an

assigned Counsel and a waiver fee, Motion, copy of completed Radi with an Affidavit

and exhibits to the Appellate Division because the Plaintiff was informed by the Motion

Department such Appeal was not received. (Ex: 161)

On August 25th, 2014 Geoffrey Long, Esq. prepared an Affirmation in Further

Support for Docket number F-03332-08/13J/14M  in Line 3 he stated that

"This matter initially came on to be heard before Support Magistrate Hyer- Spencer

on August 22nd, 2014. At that time, Support Magistrate Spencer marked this support

case to be heard on September 9th, 2014" & in Line 5 that "included in her most recent

protests was her allegation that the most current Order of Temporary Custody was merely

referenced, but not attached to the initial Order to Show Cause". This is not true.

When parties were heard on August 22nd, 2014 Support Magistrate Hyer- Spencer

adjourned such parties to September 9th, 2014 because such Order to Show Cause

did not have the appropriate Affidavit of Service attached. Mr. Long's server sworn

in an Affidavit of Service dated August 25th, 2014 that she served the Plaintiff by mail

on August 25th, 2014 with such Affirmation in Further Support of an Order to Show Cause

that's not dated. However, the Plaintiff received such Affirmation in Further Support of

Order to Show Cause on or about August 27th, 2014 after such server mailed it on August 26th, 2014. (Ex: 99)

On August 25th, 2014 the Plaintiff reported to Family Court and requested transcripts for a filed Order to Show Cause by Mr. Rawley or Mr. Long in Part 21 in front of Support Magistrate Hyer- Spencer on August 18th, 2014. As per Shari Riemer/TypeWrite Word Processing Service shows no record of such appearance. (Ex: 121 & 123)

On or about August 26th, 2014 the Plaintiff received a Rescheduling Notice from Family Court Child Support Division Part 21 stating that our matter previously scheduled for October 7th, 2014 Docket number F-03332-08/13J has been rescheduled to September 9th, 2014. (Ex: 80)

On August 27th, 2014 an Decision and Order on Motion dated August 27th, 2014 for Motion Docket number 2014-07229.

On or about August 27th, 2014 the Plaintiff filed a Notice of Motion to Dismiss Order to Show Cause and an Affidavit in Support at Family Court Clerk's Office after having a server serve Mr. Long by mail for Docket number F-03332-08/13J. (Ex: 100 & 194)

On or about August 27th, 2014 the Plaintiff received an Decision & Order On Motion that was entered on August 25th, 2014 again ordered to order such transcripts from Family Court to prepare a Brief for Docket number 2014-06256. The Plaintiff submitted such Order to Family Court on August 29th, 2014 to Jack Shanler Court Clerk. On September 22nd, 2014 to and who as per Christopher Pezzuto Jack Shanler never gave them to him on August 29th, 2014. The Plaintiff has submitted a Motion to reargue on such matter to the Appellate

Division. (Ex: 89 & 171)

On August 27th, 2014 the Plaintiff and Mr. Long appeared in front of Alison

Hamanjian, Referee for the Plaintiff's two filed Motions. One to VACATE the

Temporary Order of Protection and one to VACATE the Temporary Order of

Custody. Mr. Rawley and Mr. Berliner did not show. Alison Hamanjian, Referee

did not rule on any such Motions. She entered such Motions and acknowledged

on the record that ████ and the Plaintiff both have disabilities. Alison Hamanjian, Referee

 informed the Plaintiff that we have to appear in front of Judge Wolff for the Custody

proceedings and Motion because the Plaintiff did not give permission to be heard in

front of Alison Hamanjian, Referee. We were adjourned until October 15th, 2014.

On August 27th, 2014, the Plaintiff reported to the Grievance Committee

located at 335 Adams Street Brooklyn, N.Y. 11202 where they accepted the

Plaintiff's numerous amounts of complaints for such mentioned Attorneys, Referees

and District Attorney Daniel Donovan Jr. (Ex: 168)

On August 27th, 2014 the Plaintiff had Ian Berliner, Esq. & Geoffrey Long,

Esq. served via USPS with Affidavits and Exhibits. (Ex: 194)

On or about August 28th, 2014 the Plaintiff filed another Motion to VACATE

the Temporary Order of Custody to be heard in front of Judge Wolff on September

10th, 2014. Also the Plaintiff filed a Motion to DISMISS Mr. Rawley's Child Support

Petition filed December 6th, 2013 and Jack Shanler, Court Clerk lied to the Plaintiff

stating "you can't file a Motion to DISMISS a Petition", "and you need to file an original

and one copy of the objection". The Planitiff believes that not to be true. (Ex: 111)

On August 28th, 2014 the Plaintiff had Geoffrey Long, Esq. served with an

Child Support Objection to Order Docket number F-03332-08/14M dated August 22nd, 2014 and filed such Objection in Family Court in Richmond County Clerk's Office. (Ex: 105 & 195)

On or about August 29th, 2014 the Plaintiff received a Decision & Order on Motion dated August 27th, 2014 Docket number 2014-07229 again ordered to prepare a brief and order transcripts from Family Court. The Plaintiff ordered such transcripts on or about September 2nd, 2014. The Plaintiff cannot afford to purchase them. The Plaintiff has filed a Motion to reargue. (Ex: 90)

On August 29th, 2014 the Plaintiff mailed four Motions to Reargue for Docket numbers 2014-04782, 2014-05503, 2014-06256 & 2014-07229 to the Appellate Division. (Ex: 196)

On or about August 30th, 2014 the Plaintiff received an Decision & Order on Motion dated August 27th, 2014 ORDERED that the motion is denied as academic for Motion Docket number 2014-07225. (Ex: 156)

On or about September 1st, 2014 the Plaintiff was informed by Ken Rose, the Plaintiff's Case manager from Supreme Court Appellate Division Second Department again that the Plaintiff does not need a Scheduling Order to prepare a brief. The Plaintiff is rearguing such Motions.

On or about September 1st, 2014 the Plaintiff received a letter in the mail from the Appellate Division such Motion Docket number 2014-07775 will be placed on the calendar for September 12th, 2014. (Ex: 162)

On or about September 5th, 2014 the Plaintiff received a letter in the mail from the Appellate Division that Motion Docket number 2014-07229 is on the calendar for September 19th, 2014. (Ex: 146)

On or about September 5th, 2014 the Plaintiff received a letter in mail from the Appellate Division that Motion Docket number 2014-05503 is on the calendar for September 19th, 2014. (Ex: 135)

On September 5th, 2014 the Plaintiff had Ian Berliner, Esq. & Geoffrey Long, Esq. served with Motion to reargue and for Leave to Appeal for Appellate Docket number 2014- 07775. (Ex: 198)

On September 5th, 2014 the Plaintiff sent the Appellate Division Motion to Reargue and for Leave to Appeal for Docket number 2014-07775 and received a letter from the Appellate Division stating such matter will be placed on the calendar for September 26th, 2014. (Ex: 197)

On or about September 6th, 2014 the Plaintiff received a letter in the mail dated September 2nd, 2014 from Supreme Court Appellate Division Second Department with Ian Berliner, Esq. listed as the Child's Law Guardian. This Motion has been pushed to October 3rd, 2014 as requested by Geoffrey Long, Esq. Request was granted. (Ex: 130)

On or about September 6th, 2014 the Plaintiff received a letter in the mail dated September 2nd, 2014 from the Appellate Division that Motion Docket number 2014-06256 has been placed on the calendar for September 19th, 2014. (Ex: 143)

On or about September 8th, 2014 the Plaintiff received a voicemail from a Motion Clerk from the Appellate Division stating that Docket numbers 2014-04782, 2014- 05503, 2014-06256 & 2014- 07729 was placed on the calendar for October 3rd, 2014 & Docket number 2014-07775 was placed on the calendar

For October 10th, 2014 as per a request that was granted from Geoffrey Long, Esq. (Ex: 151)

On September 8th, 2014 the Plaintiff had Ian Berliner, Esq. & Geoffrey Long, Esq. served with Appellate Division Docket number 2014-07775 Affidavits in Support with exhibits and Motions to Reargue for Appellate Division Docket numbers 2014-06255 & 2014-07225. (Ex: 164 & 199)

On September 8th, 2014 the Plaintiff sworn in an Motion to reargue and had Ian Berliner, Esq. & Geoffrey Long, Esq. served. (Ex: 157 & 158)

On September 8th, 2014 the Plaintiff had Geoffrey Long, Esq. served with Honorable Edwina Richardson- Mendelson's letter that the Plaintiff had sent back in July 2014. (Ex: 167)

On September 9th, 2014 service was made for Appellate Division Docket number 2014-06256. (Ex: 144)

On September 9th, 2014 the Plaintiff, Mr. Rawley and Mr. Long appeared in front of S.M. Spencer for the Plaintiff's where Mr. Long failed to provide such amended Affidavit of Service by Nancy Herrera from July 16th, 2014. Instead of Mr. Long provided an Affidavit of Service from another Server. However the Affidavit of Service that the Plaintiff received in the mail from Mr. Long's Server Lynne D. O'Neill was dated for August 25th, 2014 but the USPS envelope is dated for August 26th, 2014 for an Affirmation in Further Support. filed Motion to DISMISS Mr. Rawley's Petition dated December 6th, 2013, S.M. Spencer stated on the record that "you cannot file a Motion for a Petition". However, S.M. Spencer ruled on such Motion and dismissed it without prejudice. S.M. Spencer heard the Plaintiff's filed Objection that was filed for Supervising Helene D. Sacco's review and S.M. Spencer stated on the record that she is a "Judge" she decides on

the Objection. This is not true. S.M. Spencer suspended the Plaintiff's Child Support Order

Temporarily without proper proof of service again. S.M. Spencer threatened the Plaintiff to

have the Planitiff restrained because the Plaintiff was trying to explain to her that there is no

amended Affidavit of Service and then she cannot rule on an Objection. Supervising Helene

D. Sacco is reviewing such filed Objection. Mr. Long entered his Rebuttal to the Plaintiff's

Objection inside the hearing room not at the Clerk's Office as such that is the Court's Rules.

The Plaintiff stated on the record that the Planitiff filed a Violation of Child Support against Mr.

Rawley Docket number F-03332-08/14N and S.M. Spencer stated on the record that it was

not in her file and service was never made. However, the Elizabeth Sheriff's Department made

service on Mr. Rawley's wife Nancy Herrera on September 5th, 2014 and the Plaintiff's

Grandfather made service on Mr. Rawley on September 9th, 2014 in the A.M. hours prior to

being heard in front of S.M. Spencer. Parties were adjourned until October 7th, 2014 and October

30th, 2014. (Ex: 78, 82, 83, 84, 101, 102, 108, 113)

On September 9th, 2014 the Plaintiff received in the mail Mr. Long's client

Mr. Rawley's Rebuttal to the Plaintiff's Child Support Objection filed on or about August

28th, 2014. (Ex: 106)

On September 10th, 2014 the Plaintiff reported to Family Court to be approached by NYS

Court Officer Steve badge number 3096 where he lied and said the Planitiff was on the calendar

to see Alison Hamanjian, Referee for such filed Motion. The Plaintiff went inside Family Court

main building where Jay Sellers, Court Clerk told the Plaintiff that "you must see the Referee

first". "The Plaintiff explained to Mr. Sellers that the Plaintiff did not give permission to see the

Referee. The Plaintiff reported to Part 42 where William Quirk, Clerk of Court said he will

get the Planitiff in to see Judge Wolff. The Plaintiff went back over to the main building and

waited a few than went up to Part 1. Where NYS Court Officer Jane Doe 2 approached me aggressively and told me "you are not on the calendar." The Plaintiff looked at the calendar and did not see my case. The Plaintiff sat down and Joseph, Court Clerk approached the Plaintiff and told me "you have to go back over to see the Referee". The Plaintiff told him that is not true. The Plaintiff went over to Part 42 to see Alison Hamanjian, Referee. Mr. Rawley and Mr. Long did not show. And no warrant was issued for Mr. Rawley's arrest. Case was adjourned until October 15th, 2014.

On September 10th, 2014 the Plaintiff reported to the Appellate Division in attempt to file the Plaintiff's Affidavit in Support with Exhibits and proper Affidavit of Service for Motion Docket number 2014-07229 and I believe her name to be Janine from the Motion's Office approached the Plaintiff and informed that the Planitiff have been filing such Motions wrong even though that's how the Plaintiff has been informed over the several months on how to file such Motions in the Appellate Division. She informed the Plaintiff that the Planitiff has to reserve the opposing parties with all necessary documents together. And that the Plaintiff's previous Motion to Reargue will not be accepted. The Plaintiff took back the Planitiff's Motions to Reargue and prepared all necessary documents together and had Geoffrey Long, Esq. and Ian Berliner, Esq. reserved with all necessary documents. (Ex: 152)

On September 10th, 2014 the Plaintiff reported to the Grievance Committee located at 335 Adams Street Brooklyn, N.Y. 11201 to submit duplicates complaints about such numerous amounts of Lawyers.

On or about September 11th, 2014 the Plaintiff received a letter in the mail from Ian Berliner, Esq. that he does not wish to represent ████ in Supreme Court Appellate Division Second Department in regards to Family Court Order dated August 18th, 2014. No such Order exists. (Ex: 34)

On September 11th, 2014 the Plaintiff had Ian Berliner Esq., served with a letter written to Administrative Judge Mendelson, Family Court N.Y., N.Y. via USPS. (Ex: 200)

On September 12th, 2014 the Plaintiff filed two Objections one for an Order on Motion and one for the Temporary Order of Suspension of the Plaintiff's Child Support Order. Both Objections are still pending before Supervising Judge Helene D. Sacco. (Ex: 107 & 108)

On or about September 12th, 2014 the Plaintiff received a letter in the mail from the Appellate Division stating that such Motion Docket number 2014-07775 was placed on the calendar for September 26th, 2014. (Ex: 163)

On September 12th, 2014 the Plaintiff filed a request for such transcripts for the Plaintiff's filed appearance for such Motion to VACATE the Temporary Order of Custody in front of Judge Wolff & Referee Hamanjian on September 10th, 2014. No record shows an appearance in front of Judge Wolff. (Ex: 122 & 123)

On September 15th, 2014 the Plaintiff had Ian Berliner, Esq. served with two Motions to Reargue for Appellate Docket numbers 2014-06255 and 2014-07225. (Ex: 202)

On September 15th, 2014 the Plaintiff reported to the Appellate Division where the Court Clerk made the Plaintiff fill out a Notice of Motions to Reargue for however as per the Family Court rules on their website, the information obtained by Ken Rose the Plaintiff's Case manager and as well as the Rules of the Court. The Plaintiff does not have to fill out a Notice of Motion to file a Motion in the Appellate Division to Appeal an Order from Family Court. The Plaintiff filed it out anyway and submitted all necessary documents. Such Motions

was placed on the calendar for September 26th, 2014. At this point the

Plaintiff is not even sure anymore what day this Motion is on the calendar. (Ex: 152)

On September 15th, 2014 the Plaintiff had Ian Berliner, Esq. & Geoffrey Long, Esq.

served with a third Notice of Motion to VACATE such Temporary Order of Custody to be

heard on October 1st, 2014 in Family Court for Referee Hamanjian because the Plaintiff is

being informed that such Motions must be entered to Referee Hamanjian and then be heard

in front of Judge Wolff. (Ex: 112 & 201)

On September 16th, 2014 the Plaintiff sent Administrative Judge Mendelson, Family

Court N.Y., N.Y. via USPS such letter with proper Affidavit of services. (Ex: 203)

On September 17th, 2014 the Plaintiff sent six complaints for permission to sue to

NYC Comptroller concerning such matters via Certified mail. (Ex: 204)

On September 17th, 2014 Mr. Rawley filed another Order to Show Cause to obtain

a short form for a Passport for our son J.P.S.R. to go on a vacation. Once again the Plaintiff's

name is incorrect and such Docket number on attached Affidavit in Support for filed Order to

Show Cause is wrong. As per Section 51. 60 (a) (2) of Title 22 of the Code of Federal

Regulations Automatic Enforcement Action, an individual who owes $2,500.00 or more in

Child Support in the State of New York cannot obtain a Passport. Mr. Rawley booked the

airline tickets before September 17th, 2014. Before even asking permission from the Courts

or the Plaintiff. Mr. Long had a Professional Server come to the Plaintiff's house and forced

such Order to Show Cause and Affidavit in Support upon the Plaintiff's Mother Jennifer

Graham. However, such Affidavit of Service states the Plaintiff's Mother's name to be

Jennifer Vazquez. The Plaintiff Geoffrey Long, Esq.'s server spelled the Planitiff's last name

wrong. That is not her Legal name. (Ex: 81, 82, 83, 84, 85 & 86)

On September 18th, 2014 the Plaintiff had a server mail Ian Berliner, Esq. & Geoffrey

Long, Esq. the Plaintiff's Notice of Motion to DISMISS for October 1st, 2014 and Affidavit in Support for Docket number O-03007-14. (Ex: 175)

On September 18th, 2014 the Plaintiff appeared in Family Court in front of Referee Hamanjian where Mr. Rawley's Passport Short form Order request was denied. After parties were dismissed the Planitiff was approached by Attorney John Doe 16, he yelled in the Planitiff's face "ENOUGH!!"

On September 19th, 2014 the Plaintiff filed an Order to Show Cause to appear in front of Referee Hamanjian and NYS Court Officer Steve Badge number 3096 and Jane Doe 5 Court Clerk of Family Court in Richmond County refused to allow the Plaintiff to be heard on the record. Jane Doe 5 Court Clerk handed the Plaintiff a signed Order to Show Cause from Referee Hamanjian to have Ian Berliner Esq. & Geoffrey Long, Esq. served by mail. Even though such Order to Show Cause was not on the record. (Ex. 169)

On September 19th, 2014 the Plaintiff had Ian Berliner, Esq. & Geoffrey Long, Esq. served with an Affidavit of Opposition to such request for a Passport. (Ex: 205)

On September 19th, 2014 the Plaintiff received a letter in the mail from the State of New York Grievance Committee for the Second, Eleventh and Thirteenth Judicial Districts stating they could not be further of assistance to the Plaintiff. (Ex: 168)

On September 20th, 2014 the Plaintiff had Ian Berliner, Esq. & Geoffrey Long, Esq. served via USPS for such filed off the record Order to Show Cause. (Ex: 206 & 172)

On September 22nd, 2014 the Plaintiff was informed by Christopher Pezzuto that Jack Shanler never gave him the Planitiff's Order for the Court Report on August 29th, 2014. The Plaintiff has submitted a Motion to reargue on such matter to the Appellate Division. (Ex:171)

On September 22nd, 2014 again the Plaintiff had to request them because Jack Shanler Court Clerk never provided Christopher Pezzuto with such Order on August 25th, 2014. (Ex: 88 & 170)

On September 22nd, 2014 the Plaintiff had Ian Berliner, Esq. and Geoffrey Long, Esq. served with a Reply Affidavit in Opposition to Docket number V-00143-09/13D & V-00961-09/13A and an Affidavit in Opposition Docket number V-00143-09/13D & V-00961-09/13A. (Ex: 173, 174 & 207)

On September 24th, 2014 the Plaintiff received in the mail papers Rejection Notice from the Appellate Division stating that the Plaintiff has already filed a Motion to reargue for Docket number 2014-07229. This is considered a duplicate. The Plaintiff contacted the Motion's Department and spoke to the Plaintiff believes Janine and she informed that I the Plaintiff have already filed a Motion to reargue. The Plaintiff confirmed that however explained to her what we spoke about on September 10th, 2014 and explained to her that I the Plaintiff followed her instructions and filed my Motion to Reargue as directed to do and now that it was sent back. Now there is no Affidavit in Support and exhibits supporting my Motion. The Plaintiff was informed by Janine to send my Affidavit in Support and Exhibits back to the Appellate Division and she will file them. (Ex: 152)

On September 30th, 2014 the Plaintiff received four Affidavit in Opposition from Geoffrey Long, Esq. in regards to the Plaintiff's filed Motions to reargue for Docket numbers 2014-04782, 2014-05503, 2014-06256 & 2014-07229 in the Appellate Division. Once again Geoffrey Long, Esq's. server Lynne O'Neill being duly sworn that she served the Plaintiff with all four Affidavit in Opposition at the Plaintiff's address. Lynne O'Neill's Affidavit of Services look identical. As if Lynn O"Neill had one Affidavit of Service notarize and just mad copies of the same Affidavit of service. Lynne O'Neill never onced served the Plaintiff in person.

In fact the Plaintiff has never seen or met Lynne O'Neill ever. This is a lie. (Ex: 247, 248 & 249)

On October 1st, 2014 the Planitiff appeared in front of Referee Hamanjian for the Planitiff's filed Motion to DISMISS Docket number O-03007-14. Mr. Rawley and Geoffrey Long, Esq. did not show up for Court. Referee Hamanjian dismissed the Planitiff's Family Offense Petition without prejudice. IAn Berliner, Esq. did show. Parties were adjourned for October 15th, 2014 for submission before Referee Hamanjian's sends her recommendations to Judge Wolff. (Ex: 249)

The Plaintiff also ordered Transcripts for the Planitiff's filed Order to Show Cause dated September 19th, 2014 that was never heard on the record. The Planitiff did have Ian Berliner, Esq. and Geoffrey Long, Esq. served via USPS as ordered to do so. (Ex: 206)

The Plaintiff has spent unnecessary amount of money to communicate back and forth to most of all parties mentioned above as well as buy supplies and borrow money to prepare all Documents have parties served, transportation expenses and pay USPS expenses. Additional exhibits. (177, 178, 181, 182, 186, 192, 208, 209, 210, 211, 212, 213, 214, 215, 216, 217, 218, 219, 220, )

IV. WHEREFORE, your Plaintiff respectfully requests in view in my Complaint the Child
J. P. S. R.
██████████████ date of birth ████████ be immediately returned to the Plaintiff, and Dismiss Mr. Rawley's Temporary Order of Protection, Temporary Order of Custody, Temporary Suspension of Child Support with prejudice and file an Neglect case against Mr. Rawley, Nancy Herrera and all Defendants including all Defendants be demanded to pay $10,000,000.00 each and dealt with the appropriate Law Authorities, Terminated from their Professional Positions and brought forward to the Grievance Committee together with such other and further relief as to this Court may seem just,

proper and equitable in the matter of the Law and of Justice.

Dated: Staten Island, New York,
October 2014.

Jessica C. Graham

347-861-4173
Telephone Number

Sworn to before me on this 2nd day of October , 2014.

Notary

RAYMOND C HUMINSKI
Notary Public - State of New York
NO. 01HU6272909
Qualified in Richmond County
My Commission Expires _____

**VERIFICATION**

**State of New York)**
**County of Richmond)ss..**

JESSICA C. GRAHAM, being duly sworn, says that she is the PLANITIFF in the

above named COMPLAINT and that the same is true to her own knowledge, except as to

matters therein stated to be alleged on information and belief and as to those matters she

believes it to be true.

*Jessica C. Graham*
Jessica C. Graham

Sworn to before me this 2nd day of October 2014.

Notary Public

RAYMOND C HUMINSKI
Notary Public - State of New York
NO. 01HU6272909
Qualified in Richmond County
My Commission Expires