UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
JESSICA GRAHAM,

                Plaintiff,

        - against -

Police Officer Anthony Ferretti, Police Officer Robert Adams, Valeri Matteo, Frank Callaghan, Detective Robert Reed, George Martine, Danielle Singer, Yuly Delapena, Detective George Bonner, Richmond University Medical Center, Richmond University Medical Center EMS, Lynn McCarthy, James Canecchia, Gisel Cubero, Kim Triolo, Isa-Ngozi, Kevin Dimauro, Frank Fazio, Giuseppe Caruso, James Howe, Stanislav Zubyk, Robert Manning, Martin Meskunas, Zu Fashan, Lucas Ralston, Carolina D. Nisenoff, Olga Rakhlin, Kwame Buabeng, Jason Portee, John Bonanno, Dominic Botta, Giuseppe Sicilia, Dominic Lepore, Thomas Sabbio, Steven Nicholas, James Whaley, Terence Hurson, Edward Leisengang, Brian Johnson, Richard Ocasio, Robert Talatala, Ralph Conde, Steven Consentino, Derek Dehorta, Sean Mchugh, Alfred Lobaito, Matthew Muscarello, Patricia O'Brien, Henry Rivero, Ronald Zedalis, Paul Fazio, Paul Mellone, Genee Parker, Nicholas Gravino, Sean Patterson, Detective Edward Waszak, Detective Vlad Green, Detective Michael Langan, Detective James Coll, Detective Michael O'Neill, Police Officer Nicholas Gentile, Detective Matthew Brander, Police Officer Andrew Leiper, Nicholas Scianna, Joseph Piergiovanni, Bruce Harty, Ali Zubair, Joseph Pino, Hassan Elsayed, Mehrbanoo Lashai, Vaseem Ahmed, Louis Emmer, "John" Ralston, Yaron Markfeld, Matthew Stem, Noshin Chowdhury, Jarrett Tosk, Stacey Staniland, Court Officer Stephen Toscanini,

                Defendants.
--------------------------------------------------------x

MEMORANDUM & ORDER
14-CV-5815 (PKC) (LB)

PAMELA K. CHEN, United States District Judge:

Plaintiff Jessica Graham, appearing *pro se*, bring this action, pursuant to 42 U.S.C. § 1983 ("Section 1983"), against more than seventy-five defendants, alleging violations of her constitutional rights, including false arrest and excessive force, based on seven incidents that occurred between October 2013 and August 2015 at Richmond County Family Court, Richmond County University Medical Center ("RUMC"), and Plaintiff's home on Staten Island. All seven incidents relate in some way to Plaintiff's ongoing custody dispute regarding her son.[1] Plaintiff alleges that the Defendants who violated her civil rights are New York City police officers ("City Defendants"), New York State court officers ("State Defendants"), and paramedics, doctors, and nurses associated with RUMC ("RUMC Defendants"). (*See* Plaintiff's Second Amended Corrected Complaint ("SAC"), Dkt. 72.) Plaintiff alleges violations of her Second, Fourth, Eighth, and Fourteenth Amendment rights.

Defendants filed four separate motions to dismiss: (1) City Defendants' Partial Motion to Dismiss pursuant to FRCP 12(b)(6) (City Defs.' Mot., Dkts. 192, 193, 194, 195); (2) State Defendants' Motion for Partial Dismissal of the Complaint pursuant to FRCP 12(b)(l) and FRCP 12(b)(6) (State Defs.' Mot., Dkts. 197, 198); (3) RUMC Defendants' Motion for Judgment on the Pleadings pursuant to FRCP 12(c) (RUMC Defs.' Mot., Dkt. 185); and (4) Defendant Matthew Stern's Motion to Dismiss the Corrected Second Amended Complaint pursuant to FRCP 12(b)(6) (Stern's Motion, Dkts. 199, 200). This matter was referred to the Honorable Lois Bloom, United States Magistrate Judge, for a Report and Recommendation, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.1(d).

---

[1] Plaintiff's claims relating to the custody dispute were dismissed at the outset of this action, and Plaintiff was afforded an opportunity to amend her Complaint. (*See* Dkt. 7.)

In the Report and Recommendation ("R&R"), issued February 5, 2018, Judge Bloom recommended that Defendants' motions be granted in part and denied in part. Specifically, Judge Bloom dismissed all of Plaintiff's claims, except her false arrest and excessive force claims relating to the incidents on October 4, 2013, April 9, 2014, March 20, 2015, June 24, 2015, and August 12, 2015. (R&R, Dkt. 216, at 26.) On March 1, 2018, State Defendants filed objections to Judge Bloom's R&R. (State Defendants' Objections to R&R ("Defs.' Objs."), Dkt. 218.) Finding no error in Judge Bloom's decision, the Court adopts the R&R in its entirety, but also grants State Defendants' motion to dismiss Plaintiff's Eighth Amendment claims. For the reasons stated herein, Defendants' motions to dismiss are granted in part and denied in part.

## I.      Standard of Review

When a party objects to a magistrate judge's report and recommendation, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1); *Tyk v. Surat*, 13-CV-1532, 2015 WL 13214925, at *1 (E.D.N.Y. July 23, 2015) ("Any portion of a [magistrate judge's] report and recommendation on dispositive matters, to which a timely, specific objection has been made, is reviewed de novo [by the district court]." (citing Fed. R. Civ. P. 72(b))). However, "[g]eneral or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error." *Chime v. Peak Sec. Plus, Inc.*, 137 F. Supp. 3d 183, 187 (E.D.N.Y. 2015) (citation and internal quotation marks omitted). Objections are not to be used by a party to "rehash the same arguments set forth in the original [papers]." *Frankel v. N.Y.C.,* 06-CV-5450, 2009 WL 465645 at *2 (S.D.N.Y. Feb. 25, 2009) (citation omitted). After reviewing the report and recommendation, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The

[district] judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C); *see also McFarlane v. Martuscello*, 13-CV-6556, 2016 WL 4991532, at *1 (E.D.N.Y. Sept. 16, 2016) (quoting 28 U.S.C. § 636(b)(1)).

## II.  Analysis

The Court has reviewed the Second Amended Complaint ("SAC") filed by Plaintiff, the parties' respective submissions relating to Defendants' motions to dismiss, and Judge Bloom's well-reasoned and thorough R&R.  State Defendants raise three objections to Judge Bloom's R&R. The Court addresses each of these objections in turn.

### A.  State Defendants' First Objection

State Defendants argue that Plaintiff failed to properly plead false arrest and that her SAC does not plausibly claim that Captain John Bonnano ("Bonanno"), Sargent Dominic Botta ("Botta"), or Court Officer Stephen Toscanini ("Toscanini") "confined, detained, or arrested Plaintiff on March 20, 2015."  (Defs.' Objs., at 17.)  State Defendants further argue that Judge Bloom "mistakenly attributed several troubling allegations" relating to the officer identified in the SAC as "Public Safety Officer Steven Doe" to Toscanini.  (*Id.* at 19.)  The Court disagrees.

In the R&R, Judge Bloom notes that "Steven 'Doe' Badge No. 3096" has been identified as Court Officer Stephen Toscanini.  (R&R, at 7, n.10) (citing Dkt. 80.)  Indeed, on April 28, 2016, Assistant Attorney General Michael Berg (the author of State Defendants' objections) informed the court in a letter that "Steven 'Doe' Badge No. 3096" was Toscanini.  (Dkt. 79.)  Judge Bloom then deemed the SAC amended to name Toscanini as the "Steven 'Doe' Badge No. 3096" Defendant, and a summons was issued at Toscanini's place of work. (Dkt. 80.)  Because the Court must accept as true all of Plaintiff's allegations on a motion to dismiss, the Court must assume that Toscanini was responsible for the actions of Steven Doe, as alleged in the SAC.

The Court is also unpersuaded by State Defendants' objection regarding the involvement of Bonnano, Botta, and Toscanini in Plaintiff's false arrest on March 20, 2015. (Defs.' Objs., at 17.) State Defendants make three arguments relating to the false arrest claims. First, they assert that the SAC alleges no facts connecting Botta to the March 20, 2015 incident and does not even allege that he was present. (*Id.*) Second, State Defendants assert that Bonnano was linked to the arrest by only one factual allegation, *i.e.*, that Bonnano "refuse[d] to take a report" against Toscanini, and that this allegation is insufficient to show that he unlawfully confined Plaintiff. (*Id.*) Third, State Defendants state that Toscanini's only involvement was telling Plaintiff "Your ride is here" when the ambulance arrived for her on March 20, 2015 and that this comment is not enough to suggest that Toscanini unlawfully confined Plaintiff. (*Id.*)

"A § 1983 claim for false arrest, resting on the Fourth Amendment right of an individual to be free from unreasonable seizures, including arrest without probable cause, is substantially the same as a claim for false arrest under New York law." *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) (internal citations omitted). Under New York law, to prove the elements of false arrest, a plaintiff must establish that: "(1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged." *Savino v. City of New York*, 331 F.3d 63, 75 (2d Cir. 2003) (citation omitted). Because probable cause confers authority to confine a suspect, probable cause is a complete defense to a claim of false arrest. *Williams v. Town of Greenburgh*, 535 F.3d 71, 78–79 (2d Cir. 2008). "[P]robable cause to arrest exists when the officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Jenkins v. City of New York*, 478 F.3d 76, 84-85 (2d Cir. 2007).

After carefully reviewing the SAC and drawing all inferences in Plaintiff's favor from the facts alleged therein, the Court cannot conclude at this juncture, as a matter of law, that State Defendants had probable cause to arrest or confine Plaintiff. On March 20, 2015, numerous officers arrived at Richmond County Family Court, physically restrained Plaintiff (SAC, at 113-119), and took her into custody as "an Emotional[ly] Dist[ur]bed Person" (SAC, at 108). With respect to Toscanini, a.k.a., "Steven Doe", Plaintiff makes several allegations in support of her claim that Toscanini participated in her false arrest: (1) that Toscanini told Plaintiff, "[y]our ride is here", when the ambulance arrived (SAC, at 110); (2) that Toscanini "keeps informing the Plaintiff she doesn't have Court when she does, tampers with her Court Records, Calendar and makes the Plaintiff sit in Court all day for no reason and intentionally" (SAC, at 111); and (3) that she was brought to RUMC against her will and released immediately back into NYPD custody, after Toscanini grabbed Plaintiff's arm and said "BEHAVE!" (SAC, at 121). With respect to Bonanno, Plaintiff alleges that he "refused to take a report" from her regarding Toscanini's misconduct. (SAC, at 112.) Regarding her false arrest claim, Plaintiff alleges more generally that she was forced to remove her hand wrist splint, causing pain, and was locked in "a feces, urine, dirt and spit ball covered cell." (SAC, at 122, 123.) She also alleges that was only given a cold, dry bagel and "quarter juice" for thirteen hours until she was arraigned the following morning. (SAC, at 125-126.) After voluntarily dismissing a number of Defendants, Plaintiff identifies Bonanno, Botta, and Toscanini (aka Steven "Doe" Badge No. 3096) as officers responsible for her false arrest on March 20, 2015.[2]

---

[2] Plaintiff voluntarily dismissed Defendants John Does 43-46 on September 28, 2016 (Dkt. 180) and Defendants New York City Police Department Training Bureau, New York State Unified Court System, Richmond County District Attorney's Office, the State of New York, and the City of New York on March 15, 2016 (Dkt. 76.)

Following the well-established principle that the Court must "construe [*pro se* Plaintiff's] pleadings] liberally," the Court agrees with Judge Bloom that the SAC alleges sufficient specific information about a potentially troubling incident and requires further factual development. *Weinstein v. Albright*, 261 F.3d 127, 132 (2d Cir. 2001) (stating that the importance of liberally construing pro se pleadings at the motion to dismiss phase "is especially true when dealing with civil rights complaints."). Plaintiff's SAC alleges that Bonnano, Botta, and Toscanini were all involved in her arrest on March 20, 2015 in some capacity, even if the allegations are not fully developed. *Caidor v. M & T Bank Corp.*, 5:05–CV–297 (FJS/GJD), 2006 WL 839547 at *5 (N.D.N.Y. Mar. 27, 2006) (denying motion to dismiss *pro se* false arrest claim where "[i]t is . . . impossible to derive from the complaint exactly what information was available to the officers . . . at the time of Plaintiff's arrest . . . .").

The Court finds that because discovery is going to proceed in this matter on the March 20, 2015 incident due to the survival of Plaintiff's false arrest and excessive force claims against other Defendants, the "better course" is not to dismiss the claims against State Defendants at this early stage of the litigation. *Bacchus v. New York City Bd. of Ed.*, 137 F. Supp. 3d 214, 241 (E.D.N.Y. 2015) (finding that "better course" was not to dismiss claim based on same evidence as surviving claims); *Thibodeaux v. Travco Ins. Co.*, 13–CV–5599, 2014 WL 354656, at *2 (E.D.N.Y. Jan. 31, 2014) ("If one of a number of integrally related causes of action have to be tried, it makes little sense to grant a motion to dismiss as to one or more of them, as it may prove necessary to hold yet another trial in the event that it is determined on appeal that the motion to dismiss was improperly granted."). Of course, State Defendants are free to raise this issue again at summary judgment if they conclude, following discovery, that the undisputed facts establish that Bonnano, Botta, and Toscanini did not participate in the arrest, or had probable cause to arrest and detain Plaintiff.

**B. State Defendants' Second Objection**

State Defendants argue that Plaintiff's Eighth Amendment claim should be dismissed. (Dkt. 218, at 20.) State Defendants assert that the SAC does not allege facts to support Plaintiff's Eighth Amendment claim against Bonanno, Botta, and Officer Giuseppe Sicilia ("Sicilia").

The Court agrees and notes that Judge Bloom's R&R did not explicitly address the dismissal of Plaintiff's Eighth Amendment claim. The Eighth Amendment does not apply until "after conviction and sentence." *United States v. Walsh*, 194 F.3d 37, 47 (2d Cir. 1999) (citation omitted); *see also Ingraham v. Wright*, 430 U.S. 651, 671 n.40 (1977) ("Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions."). Because the incidents alleged in Plaintiff's SAC occurred in connection with her arrests, not after conviction and sentence, the Eighth Amendment does not apply. To the extent that Plaintiff claims that excessive force was used in connection with her arrest on June 24, 2015, she has properly brought that claim pursuant to the Fourth Amendment. *See Graham v. Connor*, 490 U.S. 386, 394 (1989) ("Where, as here, the excessive force claim arises in the context of an arrest or investigatory stop of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment"). Indeed, Judge Bloom's R&R gave Plaintiff's SAC the liberal construction afforded to *pro se* litigants and allowed her excessive force claim under the Fourth Amendment to move forward.

Accordingly, the Court dismisses Plaintiff's claim alleging an Eighth Amendment violation by Bonanno, Botta, and Sicilia.

**C. State Defendants' Third Objection**

State Defendants' third objection is that the SAC "does not specify whether State Defendants are sued in their individual or official capacities." (Defs. Objs., at 21.) This is wrong.

In the R&R, Judge Bloom stated that, on March 11, 2016, Plaintiff voluntarily dismissed her claims against: the New York City Police Department, New York State Unified Court System, Richmond County Family Court, New York City Administration for Children's Services, New York City Police Department Training Bureau, the Federal Bureau of Investigation, the City of New York, the State of New York, Richmond County District Attorney's Office, and Securitas. (R&R, at 22, n.21) (citing Dkt. 76.)  Judge Bloom then noted that Plaintiff had filed a letter on September 11, 2016, advising the Court that she "seeks to assert her claims against these [state] defendants in their individual capacities." (R&R, at 14, n.18) (citing Dkt. 178 at 3.)  Judge Bloom explained that the Court was reading the SAC to assert claims against State Defendants in their individual, not official capacities.  (*Id.*)  State Defendants' third objection is therefore moot.

## CONCLUSION

State Defendants have failed to raise any objection that warrants rejection or modification of the R&R, except for the dismissal of Plaintiff's Eighth Amendment claim for excessive force relating to the incident on June 24, 2015.  The Court adopts Judge Bloom's R&R in its entirety. The Court also grants State Defendants' motion to dismiss Plaintiff's Eighth Amendment claims. The Court overrules State Defendants' remaining objections, and grants in part and denies in part Defendants' motions to dismiss, as set forth in Judge Bloom's R&R.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated:  March 20, 2018
        Brooklyn, New York