UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JESSICA C. GRAHAM,

                Plaintiff,

                **ORDER**
                **14 CV 5815 (PKC)(LB)**

    -against-

Police Officer Anthony Ferretti, Police Officer Robert
Adams, Valeri Matteo, Frank Callaghan, Detective
Robert Reed, George Martine, Danielle Singer, Yuly
Delapena, Detective George Bonner, Giuseppe Caruso,
James Howe, Stanislav Zubyk, Jason Portee, John
Bonanno, Dominic Botta, Giuseppe Sicilia, Dominic
Lepore, Thomas Sabbio, Steven Nicholas, Terence
Hurson, Edward Leisengang, Brian Johnson, Richard
Ocasio, Robert Talatala, Steven Consentino, Derek
Dehorta, Sean Mchugh, Alfred Lobaito, Matthew
Muscarello, Patricia O'Brien, Henry Rivero, Ronald
Zedalis, Paul Fazio, Paul Mellone, Genee Parker,
Nicholas Gravino, Sean Patterson, Detective Edward
Waszak, Detective Vlad Green, Detective Michael
Langan, Detective James Coll, Detective Michael
O'Neill, Police Officer Nicholas Gentile, Detective
Matthew Brander, Police Officer Andrew Leiper,
Nicholas Scianna, Court Officer Stephen Toscanini,

                Defendants.
------------------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

       The Court has reviewed the parties' filings at ECF No. 249 through ECF No. 253.

Plaintiff's letters express concern that the exhibits to her October 2, 2014 Complaint are not filed

on the docket. ECF Nos. 249, 250, 253. The Court assures Plaintiff that although they were not

on the docket, the Court has copies of Plaintiff's exhibits. The Court hereby directs the Clerk of

the Court to file copies of Plaintiff's exhibits on the docket for "case participants only."[1]

---

[1]     The exhibits in the Court's possession are not redacted. Therefore, they shall only be accessible to the parties.

Plaintiff requests that the fact discovery deadline in this case be extended to March 29, 2019 "for the limited purpose of allowing the Plaintiff additional time to complete her document production and allowing Defendants to take her deposition after the document production is complete." ECF Nos. 250, 253. By letter dated November 27, 2018, the New York State Defendants advise that they consent to Plaintiff's request for an extension of time to complete discovery. ECF No. 251. The New York State Defendants and New York City Defendants filed a joint letter on November 27 advising the Court that Plaintiff informed Attorney Berg that she is being involuntarily confined in a psychiatric facility in New Jersey. ECF No. 252. Defendants therefore request an extension of time to complete discovery until January 20, 2019, as well as an extension of the date to file any pre-motion conference requests to February 15, 2019. Defendants further propose to advise the Court by January 25, 2019 whether Plaintiff has been available to participate in discovery or whether she remains confined.

The Court GRANTS Plaintiff's request to extend the discovery deadline in this case to March 29, 2019 for the purpose of allowing Plaintiff additional time to complete her document production and allowing Defendants to take Plaintiff's deposition. Defendants are granted leave of Court to conduct Plaintiff's deposition pursuant to Fed. R. Civ. P. 30(a)(2). The Court holds in abeyance the deadline to file any pre-motion conference requests. The parties shall file a report by January 25, 2018, advising the Court of the status of discovery.

To the extent Plaintiff requests other relief, those requests are denied without prejudice. The Court directs Plaintiff's attention to Fed. R. Civ. P. 65 with regard to her request for injunctive relief. Moreover, with regard to Plaintiff's request that Defendants identify the individual with whom Plaintiff spoke while at Richmond County Family Court, the New York City Defendants did so in ECF No. 251. Plaintiff's request that I direct the Richmond County

Family Court to produce certain documents is not properly before this Court and is therefore denied. Lastly, if Plaintiff wishes to file a new Complaint, she must file a separate application seeking leave and attaching a copy of the proposed complaint.

Based on the aforementioned rulings, ECF No. 249 is GRANTED, in part, ECF No. 250 is DENIED, without prejudice, ECF No. 252, is DENIED as moot, and ECF No. 253 is GRANTED.

SO ORDERED.

Dated: November 29, 2018
Brooklyn, New York

S/Lois Bloom
LOIS BLOOM
United States Magistrate Judge