```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------x

  JESSICA C. GRAHAM,

                        Plaintiff,              MEMORANDUM & ORDER
                                                 14-CV-5815 (EK)(LB)
          -against-

  P.O. VALERI MATTEO, P.O. FRANK
  CALLAGHAN, P.O. DANIELLE SINGER,
  P.O. STANISLAV ZUBYK, et al.,

                        Defendants.

---------------------------------------x
```

ERIC KOMITEE, United States District Judge:

The Court has received Magistrate Judge Bloom's Report and Recommendation (R&R) dated August 5, 2022. ECF No. 373. Judge Bloom recommends that the State Defendants' motion for summary judgment should be granted in full, and that the City Defendants' motion for summary judgment should be granted in part and denied in part.[1] Graham timely objected to the R&R,

---

[1] The State Defendants are New York State Court officers Captain John Bonanno, Sergeant Dominic Botta, Sergeant Giuseppe Sicilia, and Officers Stephen Toscanini and Dominick Lepore. The City Defendants are New York Police Department officers Valeri Matteo, Frank Callaghan, Detective Robert Reed, George Martine, Danielle Singer, Yuly DelaPena, Detective George Bonner, Anthony Ferretti (retired), Robert Adams, Stanislav Zubyk, Jason Portee, Sergeant Thomas Sabbio, Lieutenant Steven Nichols, Deputy Inspector Terence Hurson, Sergeant Edward Leisengang, Brian Johnson, Richard Ocasio, Robert Talatala, Steven Cosentino, Derek DeHorta, Sean McHugh, Alfred Lobaito, Sergeant Matthew Muscarello, Detective Patricia O'Brein, Detective Henry Rivero, Captain Ronald Zedalis, Detective Paul Fazio, Detective Paul Mellone (retired), Detective Genee Parker, Sergeant Nicholas Gravino, Lieutenant Sean Patterson, Detective Edward Waszak (retired), Detective Vlad Green, Detective Michael Langan, Detective James Coll (retired), Detective Michael O'Neill, Nicholas Gentile, Detective Matthew Brander, Andrew Leiper, Detective Nicholas Scianna (retired), and emergency medical technicians Giuseppe Caruso and James Howe.

contending that this case should proceed to trial on all claims. Pl. Objs. 5, ECF No. 376. With respect to the claims that Judge Bloom recommends dismissing, Graham argues that the defendants have not met their burden of "demonstrating that no material issue of fact remains for trial." *Id.* at 4. In support of this argument, Graham largely repeats certain allegations from the second amended complaint and her deposition testimony relating to the defendants' purported violations of her rights during the various incidents at issue. *See id.* at 1-5.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court reviews *de novo* those portions of the R&R to which a party has specifically objected. *Id.*; Fed. R. Civ. P. 72(b)(2)-(3); *see also Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) ("A proper objection is one that identifies the specific portions of the R&R that the objector asserts are erroneous and provides a basis for this assertion."), *aff'd*, 578 F. App'x 51 (2d Cir. 2014). When considering the objections of a *pro se* litigant, the Court interprets those objections to raise the strongest arguments that they suggest. *See Spaulding v. N.Y.C. Dep't of Educ.*, 407 F. Supp. 3d 143, 144 (E.D.N.Y. 2017). As to the portions of the R&R to which no party has objected, the Court reviews for clear error on the face of the record. *See*

Advisory Comm. Notes to Fed. R. Civ. P. 72(b); *accord* *State Farm Mut. Auto. Ins. Co. v. Grafman*, 968 F. Supp. 2d 480, 481 (E.D.N.Y. 2013).

Having conducted a *de novo* review of the portions of the R&R to which Graham has objected, and a review of the remaining portions for clear error, I adopt the R&R in its entirety. Simply put, none of the facts that Ms. Graham marshals in her objections dictate a different conclusion than the R&R recommended. Thus, the State Defendants' motion is granted in full, and the City Defendants' motion is granted in part and denied in part. The City Defendants' motion is granted on the following claims: the failure-to-intervene claim against Detectives Reed and Bonner regarding the October 4, 2013 incident; the false arrest claim against Officers Ferretti and Adams and the excessive force claim against Officer Delapena regarding the April 9, 2014 incident; the false arrest and excessive force claims against Officers Ferretti and Adams and other unidentified NYPD officers regarding the March 20, 2015 incident; and the false arrest and excessive force claims against Officer Hurson and other unidentified NYPD officers regarding the August 12, 2015 incident. The City Defendants' motion is denied as to all other claims.

Accordingly, all defendants other than Officers Callaghan, Matteo, Portee, Singer, and Zubyk are dismissed from

3

this case. The Clerk of Court is respectfully directed to change the case caption to *Graham v. P.O. Matteo, et al.*, as set forth herein.

    The Court will hold a telephone status conference on August 9, 2023 at 2:30 p.m. to discuss preparations for trial on Graham's remaining claims. The parties are directed to call 888-808-6929 five minutes before the scheduled start of the conference and to use access code 564-7824.

    SO ORDERED.

                                          /s/ Eric Komitee
                                        ERIC KOMITEE
                                        United States District Judge

Dated:    July 25, 2023
           Brooklyn, New York