UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x

JESSICA C. GRAHAM,

                    Plaintiff,              **MEMORANDUM & ORDER**
                                            14-CV-5815 (EK)(LB)

          -against-

VALERIE MATTEO, FRANK CALLAGHAN,
DANIELLE SINGER, STANSILAV ZUBYK, and
JASON PORTEE,

                    Defendants.

------------------------------------x
ERIC KOMITEE, United States District Judge:

          Plaintiff Jessica Graham commenced this action on

October 2, 2014.[1]  Proceeding *pro se*, she alleged that the

defendants violated her constitutional rights during a series of

incidents that occurred between October 2013 and August 2015 in

Richmond County.

          Ten years into the case, Graham has failed to maintain

an up-to-date address, has missed or arrived late to multiple

status conferences, has regularly failed to meet court-ordered

deadlines for motion practice, and has failed to submit adequate

pretrial filings despite repeated court orders to do so.

_____

          [1] Graham is plaintiff's maiden name.  She has also filed cases in this
district under the name Jessica Szabo — her ex-husband's surname.  *See, e.g.,
Szabo v. City of New York et al*, Case No. 16-cv-3683.  The court will refer
to the plaintiff as Jessica Graham, as that is how she has referred to
herself in recent filings and she is proceeding under the name in this case.

Throughout, the court has indulged Graham, often *sua sponte* granting her extensions of time to meet deadlines and denying several of the defendants' unopposed motions to dismiss for failure to prosecute.

At the final pretrial conference on April 15, 2024, at which Graham failed to appear, the defendants moved — for a fourth time — to dismiss the case for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. I granted that motion orally and dismissed the case. This order summarizes — without intending to cover a decade of procedural history comprehensively — the reasons for that dismissal.

## I.   Background

In late 2016, the defendants moved to dismiss the operative complaint under Rules 12(b) and (c). ECF Nos. 185, 192, 199. Graham failed to serve or file any opposition to that motion by the court-ordered due date, December 23, 2016. ECF No. 177. When the defendants asked the court to address their motions as unopposed, ECF Nos. 196, 201, 203, Judge Chen, recognizing Graham's *pro se* status, *sua sponte* granted her until February 24, 2017 to file opposition. January 19, 2017 Order.[2] Graham filed a two-page letter nominally opposing the motions, but did not address any of the defendants' arguments. ECF No.

---

[2] This case was transferred to the undersigned on February 3, 2020.

204.  Nonetheless, the court declined to dismiss several of her claims.  ECF Nos. 216 (R&R), 219 (order adopting the R&R).

In March 2020, the defendants informed the court that they had reached a settlement in principle with Graham regarding both the instant case and a companion case, *Szabo v. City of New York et al.*, No. 16-CV-368.[3]  ECF No. 291.  When Graham reported to Judge Bloom three months later that she no longer wished to settle, *see* July 17, 2020 Order, the defendants moved to enforce the settlement agreement.  ECF No. 327.  Graham was granted two extensions of time to oppose that motion but failed to do so.  *See* December 9, 2020 Order; January 28, 2021 Order.  Despite the lack of opposition, the court denied the motion.  ECF No. 348.

On February 19, 2021, defendants served Graham with a motion for summary judgment.  ECF No. 331.  Graham failed to oppose that motion by the court's March 19, 2021 deadline.  Again, in light of her *pro se* status, the court *sua sponte* granted Graham additional time to respond, and warned her that if she failed to do so, the court would deem the motion fully briefed and unopposed.  April 5, 2021.  Graham failed to meet that extended deadline and did not seek any further extension.

---

[3] Graham "is a serial litigant with a filing injunction against her in this Court." *Szabo v. Parascandolo*, No. 16-CV-3683, 2019 WL 481925, *2 n.3 (E.D.N.Y. Feb. 6, 2019); Case No. 16-CV-3683, ECF No. 5 (noting that, as of July 2016, "[t]his is the tenth action that Plaintiff Jessica C. Szabo (a/k/a Jessica C. Graham) has filed since October 2, 2014").

May 10, 2021 Order.[4]  The court declined to grant summary
judgment on certain of her claims, and five defendants were left
in the case: Callaghan, Matteo, Portee, Singer, and Zubyk.  *See*
ECF No. 390.

On August 9, 2023, the court held a status conference
and set a date for trial: May 6, 2024.  ECF No. 391.  At that
conference, the court specifically warned Graham of the
importance of completing the joint pre-trial order ("JPTO") and
directed the defendants to provide her with a template JPTO as
well as a copy of the court's Individual Rules.  Those rules
require each party to provide the information necessary for the
opposing party to prepare for trial and to make targeted motions
*in limine* prior to trial.  For example, parties are required to
list the names of "fact and expert witnesses whose testimony is
to be offered," and to designate "all exhibits to be offered in
evidence."  Individual Rules and Practices, Rule V.B.1.  These
requirements are important: they allow the parties to "resolve
before trial all issues of authenticity, chain of custody, and
related grounds."  *Id.*  They also facilitate the filing of
motions *in limine*, which are critical to ensuring the efficient
use of the jury's time at trial.

---

[4] Graham filed a handwritten letter over a year later, on June 6, 2022,
requesting without further argument that "the State Defendants' Motion for
summary judgment next be denied" and "proceed to trial."  ECF No. 370.

On October 5, 2023, the five remaining defendants filed their first motion to dismiss for failure to prosecute, citing Graham's failure to complete her portion of the JPTO. ECF No. 392.  The motion attached Graham's JPTO portion as an exhibit.  ECF No. 392-1.  Under a section titled "Damages," Graham wrote: "Unable to state damages.  Plaintiff does not have Amended Complaint."  *Id*.  Under a section titled "Plaintiff's Witnesses," she wrote: "This box is too small to add all of the Plaintiff's witnesses."  *Id*.  She wrote that she "is not sure if she is going to give testimony."  *Id*.  In a section titled "Plaintiff's Exhibits," Graham wrote "over 8,000" and "not enough room to answer in these boxes."  *Id.*  She did not attach an addendum listing her exhibits.

On October 24, the court ordered Graham to "draft and file her portion of the Joint Pretrial Order by November 23, 2023 in accordance with the court's instructions at the August 9, 2023 status conference."  October 24, 2023 Order.  Graham failed to do so.  On December 1, 2023, the defendants filed a second motion to dismiss for lack of prosecution.  ECF No. 393. The defendants noted that they "sent plaintiff a new template of a JPTO via USPS certified mail, which was received by Clinton Correction Facility on October 27, 2023" and attached a USPS confirmation receipt.  ECF Nos. 393, 393-2.

Graham failed to respond to either motion.  Still, given Graham's *pro se* status, and despite her lack of opposition, the court denied the defendants' first and second motions to dismiss for failure to prosecute.  December 28, 2023 Order.  The court once again ordered Graham to complete her portion of the JPTO by listing "her expected witnesses and exhibits, even if she must append additional pages in order to do so." *Id.*  The court also scheduled a pretrial conference for February 1, 2024, in addition to the previously scheduled January 17, 2024 status conference. *Id.*  The court notified Graham that "if she does not participate in the preparation of the joint pretrial order and appear at the pretrial conference, the court will consider dismissing the case for failure to prosecute." *Id.*

Graham failed to appear at the January 17, 2024 status conference or to update her JPTO.  On January 22, 2024, the defendants filed a letter indicating "that Plaintiff was released from the State of New Jersey's Edna Mahan Correctional Facility during November 2023."  ECF No. 394.  Graham failed to update her address or otherwise communicate with the court or the defendants upon her release, "an obligation that rests with all *pro se* plaintiffs." *Greene v. Sposato*, No. 16-CV-1243, 2019 WL 1559421, at *1 (E.D.N.Y. 2019*); see* ECF No. 381.  As a result, neither the court nor the defendants had any dependable

method for reaching her.  Nonetheless, and as directed by the court, the defendants emailed their letter to two email addresses on file for Graham.  ECF No. 394.  The letter also noted that Graham "has not responded to any emails sent to these email addresses since January 12, 2021" and had not been in contact with the defendants since September 2023.  ECF No. 394.

On February 1, 2024, the court held an initial pretrial conference at which Graham finally appeared — half an hour late.  *See* Conf. Tr., ECF No. 396, at 2.  At that conference, the court expressly warned Graham that if she failed to submit a JPTO compliant with the court's Individual Rules, the court would consider prohibiting her from calling any witness not listed on the JPTO or dismissing the case for failure to prosecute.  Conf. Tr. at 9:24-11:5.

At the same conference, with Graham present, the court also set a series of pre-trial deadlines.  The court scheduled a final pretrial conference for April 15, at 4:00 p.m.; prior to that, the parties were directed to (i) submit proposed *voir dire* questions and proposed jury instructions by April 5, 2024; (ii) finalize the JPTO by the week of April 1 and schedule a status conference with Judge Bloom to review it; and (iii) file any motions *in limine* by March 1, 2024, with responses due by March 15.  February 1, 2024 Minute Entry.

Prior to any of those deadlines, on February 28, the defendants filed a third motion to dismiss for lack of prosecution.  ECF No. 397.  The defendants wrote that they "have yet to receive any response" from Graham, who "refuses to speak with" defendants' counsel.  *Id.*  As with the prior motions, Graham failed to respond.

The defendants also requested an extension of time to comply with the court's order to meet with Judge Bloom to review the parties' JPTO, citing Graham's failure to comply with the court's order to complete the JPTO, and her refusal to communicate with the defendants.  ECF No. 398.  Despite Graham's lack of participation, the defendants filed their proposed *voir dire* and jury instructions on time.  ECF Nos. 399, 400.  No corresponding filings were made by Graham, who has made no communication or filing since the February 1 conference.

Finally, the court held its final pretrial conference on April 15.  Graham again failed to appear.  At the conference, the defendants' moved — for a fourth time — to dismiss the case for lack of prosecution, noting that Graham refused to speak with defense counsel other than to inform him that she had not completed a JPTO.  The court granted that motion, with this order to follow.

## II.  Legal Standard

Under Rule 41(b) of the Federal Rules of Civil Procedure, an action may be dismissed if "the plaintiff fails to prosecute or to comply with these rules or a court order."  Fed. R. Civ. P. 41(b).  Such dismissals are "largely a matter of the [district] judge's discretion."  *Taub v. Hale*, 355 F.2d 201, 202 (2d Cir. 1966).[5]  The Supreme Court has recognized that such dismissals are necessary "to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962).

In the Second Circuit, district courts must consider five factors before dismissing a case under Rule 41(b): whether "(1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court"; and (5) "the efficacy of lesser sanctions."  *U.S. ex rel. Drake v. Norden Syst's., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).  No one factor is dispositive, and a court must review the record as

---

[5] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

a whole.  *Id.*  Such dismissals often arise in cases where the
plaintiff has exhibited a "failure to comply with a scheduling
order or timely to respond to pending motions."  *Lewis v.
Rawson*, 564 F.2d 569, 576 (2d Cir. 2009) (collecting cases).

The Second Circuit has cautioned that "district courts
should be especially hesitant to dismiss for procedural
deficiencies where, as here, the failure is by a *pro se*
litigant."  *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).
"However, even *pro se* litigants must prosecute claims
diligently, and dismissal . . . is warranted where the Court
gives warning."  *Jacobs v. Cty. of Westchester*, No. 99-CV-4976,
2008 WL 199469, at *3 (S.D.N.Y. Jan. 22, 2008).

### III. Discussion

Here, all five factors weigh in favor of dismissing
for failure to prosecute.  First, over the course of this
decade-long litigation, Graham has frequently missed deadlines
and failed to respond to court orders, consistently slowing the
litigation process by requiring numerous extensions of time or
by failing to keep her address up-to-date.  In 2016, for
example, defendants' motions to dismiss remained pending for
three additional months to allow Graham an extension of time to
file her opposition — ultimately a two-page letter.  *See supra*
at 2; ECF No. 204.  In 2020, Judge Bloom granted Graham two
extensions of time, spanning multiple months, to file opposition

to the defendants' motion to enforce a settlement agreement —
opposition that Graham never ultimately filed. *See supra* at 3;
December 9, 2020 Order; January 28, 2021 Order.  And in 2021,
the court granted Graham a sixty-day extension of time to
respond to the defendants' motion for summary judgement; despite
the court's hopeful indulgences, she ultimately failed to file
any opposition. *See supra* at 3; April 5, 2021.  "In this
Circuit, a delay of merely a matter of months may be sufficient
to warrant dismissal under Rule 41." *Balderramo v. Go New York
Tour Inc.*, No. 15-CV-2326, 2019 WL 5682848, at *3 (S.D.N.Y. Nov.
1, 2019).  Here, Graham has caused delays of several months *for
each motion* filed over the course of ten years, resulting in
litigation at a resource-draining pace.

       Within the last six months alone, Graham has
steadfastly refused to comply with the effort to ready this case
for trial.  She failed to complete an adequate JPTO, despite
being given numerous opportunities to do so over the course of
six months. *See*, *e.g.*, October 24, 2023 Order; December 28,
2023 Order; February 1, 2024 Minute Entry.  Another district
court dismissed under similar circumstances, where the plaintiff
failed to contribute to "his portion of the joint pretrial
submissions," resulting in a "failure to comply with two orders
over seven months." *Murray v. City of Yonkers*, No. 19-CV-1192,
2022 WL 464131, at *3 (S.D.N.Y. Feb. 15, 2022).  Here, in the

crucial period leading up to trial, Graham has failed to comply
with at least five court orders — including by failing to appear
at the final pretrial conference before the court on April 15.
That is sufficient to support dismissal.

Second, Graham has been warned repeatedly that failure
to prosecute the case diligently could result in dismissal. On
September 21, 2022, after learning that she had been released
from custody over a month earlier, the court warned Graham that
failure to notify the court of her changes of address could
result in a dismissal for failure to prosecute. September 21,
2022 Order. Nonetheless, as Graham acknowledged at the February
1 conference, just one year later she failed to update her
address after she was (again) released from custody in November
of 2023. Conf. Tr. at 11:17-23, 13:7-15.

The court also warned Graham, on at least two
occasions, that failure to complete the JPTO could result in
dismissal of this action. First, the court issued a warning on
December 28, 2023 that if Graham "does not participate in the
preparation of the joint pretrial order and appear at the
pretrial conference, the Court will consider dismissing the case
for failure to prosecute." December 28, 2023 Order. And
second, the court explicitly warned Graham — face-to-face at the
February 1 conference — that if she failed to complete an
adequate JPTO, the case may be dismissed for failure to

prosecute.  Conf. Tr. at 9:24-11:5.  Such warnings were sufficient to put Graham on notice of the possibility of dismissal.  *See Pena v. Zazzle Inc.*, 587 F. Supp. 3d 109, 114 (S.D.N.Y. 2022) (holding that three warnings was sufficient, and citing cases holding that one or two warnings were also sufficient).

Third, the defendants have been prejudiced by Graham's failures.  This case has now dragged on for a decade, consuming untold hours of the court's — and defense counsels' — time.  The Second Circuit has stated that in circumstances like this, "[p]rejudice to defendants resulting from unreasonable delay may be presumed."  *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982).  A defendant "should not be forced to bear the expense of defending a lawsuit when the plaintiff has shown little or no interest in pursuing that lawsuit."  *Baptiste v. Gonzalez*, No. 17-CV-6837, 2020 WL 1165689, at *5 (S.D.N.Y. Mar. 11, 2020).

Fourth, the court's interest in managing its docket outweighs Graham's sporadic interest in pursuing her right to be heard.  Graham's claims have languished for ten years, sitting with Judge Chen for six years before spending four years before the undersigned.  After substantial effort, the court finally set a trial date — May 6, 2024 — nearly six months ago.  But that date has been put at risk by Graham's nonparticipation in

the pretrial process.  The court has no confidence that Graham will actually appear for the scheduled jury trial.

After that trial date, the court has four trials scheduled — effectively back-to-back — between May 20 and mid-August.  Graham's noncompliance with the court's orders "undermines the ability of the Court to manage its docket and dispense justice to all litigants in an expeditious manner." *Mahoney v. City of New York*, No. 12-CV-6717, 2013 WL 5493009, at *2 (S.D.N.Y. Oct. 1, 2013).

Finally, the court has considered the possibility of a "less drastic sanction than dismissal." *Kaplan v. Hezbollah*, 844 F. App'x 459, 460 (2d Cir. 2021).  But Graham's "continued disregard for the district court's orders" across the years makes evident that "no less drastic sanctions, short of dismissal, would be effective." *Yadav v. Brookhaven Nat. Lab.*, 487 F. App'x 671, 673 (2d Cir. 2012).

## IV.   Conclusion

The defendants' motion to dismiss for failure to prosecute pursuant to Rule 41(b) is therefore granted and Graham's complaint is dismissed in its entirety with prejudice.

The Clerk of Court is respectively directed to close this case and mail a copy of this order to Ms. Graham.

        SO ORDERED.


                                    /s/ Eric Komitee
                                    ERIC KOMITEE
                                    United States District Judge


Dated:   April 16, 2024
         Brooklyn, New York